THE PEOPLE v. SAMUEL SCHULTZ.

*Criminal law—Fraudulent disposition of mortgaged property—*
*Information—Value of property—Venue—Amendment.*

1. In determining whether a mortgagor who fraudulently embezzles, removes, or conceals the mortgaged property is guilty of a felony or of a misdemeanor under Act No. 18, Laws of 1889, the value of the *property,* and not of the mortgagee's *interest* therein, is the governing test.

2. Objections to an information for any formal defects apparent on its face must be taken advantage of by demurrer or motion to quash before the jury are sworn, and not afterwards, under How. Stat. § 9535.

3. An information filed in the recorder's court of Detroit, and entitled in said court and in the county of Wayne and city of Detroit, charging the respondent with fraudulently removing, embezzling, and concealing certain chattel-mortgaged property generally, without stating that such offense was committed in the city of Detroit, confers jurisdiction upon said court, under How. Stat. § 9533, which provides that the county, city, or other jurisdiction named in the margin of any indictment (information) shall be taken to be the venue for all of the facts stated in the body thereof.

4. An information under Act No. 18, Laws of 1889, charging the respondent with having fraudulently removed, embezzled, and concealed chattel-mortgaged property with intent to injure and defraud a specified person of the same, may be amended upon the objection being raised before plea by charging the statutory intent, namely, to injure or defraud the mortgagee or assignee of the mortgage, under How. Stat. § 9537.

Error to recorder's court of Detroit.   (Chambers, J.)
Submitted on briefs February 5, 1891.   Decided February 27, 1891.

Respondent was convicted of fraudulently removing, embezzling, and concealing chattel-mortgaged property, under Act No. 18, Laws of 1889, and sentenced to

imprisonment in the Detroit House of Correction for one year. Affirmed. The facts are stated in the opinion.

*George F. Robison*, for respondent.

*A. A. Ellis*, Attorney General, and *James V. D. Willcox*, for the people.

LONG, J. The respondent was tried in the recorder's court of the city of Detroit, charged with fraudulently removing, embezzling, and concealing chattel-mortgaged property, under Act No. 18, Laws of 1889, and convicted, and sentenced to the Detroit House of Correction for one year. The case is brought here on the record without exceptions, and the errors assigned relate to the insufficiency of the information.

The statute under which the prosecution is brought reads as follows:

"If any person who shall have made or executed any mortgage, or conveyance intended to operate as a mortgage, of goods and chattels shall fraudulently embezzle, remove, conceal, or dispose of any such goods or chattels mortgaged or conveyed as aforesaid, with intent to injure or defraud the mortgagee or assignee of said mortgage or conveyance, which shall be of the value of twenty-five dollars or more, he shall be deemed guilty of a felony, and shall, upon conviction thereof, be punished by imprisonment in the State prison not more than two years, or by fine not more than two hundred and fifty dollars, or by imprisonment in the county jail not more than six months. If the property embezzled, removed, concealed, or disposed of as aforesaid shall not be of the value of twenty-five dollars, the person thus offending shall be deemed guilty of a misdemeanor, and be punished by fine not exceeding one hundred dollars, or by imprisonment in the county jail not exceeding three months, or both, in the discretion of the court."

The information upon which the respondent was convicted and sentenced is as follows:

"STATE OF MICHIGAN,   ⎫
  "County of Wayne,    ⎬ ss,
  "City of Detroit,    ⎭

" *The Recorder's Court of the City of Detroit.*

"In the name of the people of the State of Michigan, James V. D. Willcox, prosecuting attorney in and for the said county of Wayne, who prosecutes for and on behalf of the people of said State in said court, comes now here in said court, in the July term thereof, A. D. 1890, and gives the said court here to understand and be informed that Samuel Schultz, *alias* Smith, late of said city of Detroit, heretofore, to wit, on the 12th day of April,· in A. D. 1890, at the said city of Detroit, in the county aforesaid, did make and execute a certain instrument intended to operate as a chattel mortgage on the following goods and chattels, to wit, one new three-spring wagon, with top, of the value of one hundred dollars; that afterwards, to wit, on the fourteenth day of April, A. D. 1890, the said Samuel Schultz, *alias* Smith, fraudulently did remove, embezzle, and conceal the said property, goods, and chattels aforesaid, with intent to injure and defraud Charles Rohde of the same, contrary to the form of the statute," etc.

It is contended by counsel for the respondent that the information is insufficient to sustain the conviction,—

1. Because it does not show on its face that the recorder's court of the city of Detroit had jurisdiction to try the respondent, as it does not show that the crime was committed in the city of Detroit.

2. Because the information does not allege that the respondent removed, embezzled, and concealed the mortgaged property with intent to injure or defraud the mortgagee or assignee of said mortgage.

3. Because the information does not show that the recorder's court had jurisdiction to try the respondent, as it does not allege that the property removed, embezzled, and concealed was of any value, or that it was of the value of $25 or more.

The information is very loosely drawn, and, had objection been made to its sufficiency before the jury was impaneled, the court would have been justified in quashing it, or in allowing such amendment as would have

apprised the respondent of the offense charged, and bringing the offense charged therein within the statute under which it was filed. No such objections were made, as appears by this record, but the respondent now seeks to have the same advantage as though he had demurred before plea and trial. It is provided by How. Stat. § 9535, that—

"Every objection to any indictment for any formal defect apparent on the face thereof shall be taken by demurrer or motion to quash such indictment before the jury shall be sworn, and not afterwards."

The defects complained of, so far as they exist in this information, could have been cured by amendment, as they are merely formal, had the attention of the trial court been called to the defects, by motion to quash, before trial. It is now too late for the respondent to take advantage of these defects.

The court had jurisdiction of the person and subject-matter in controversy, and the mere omission to state in the information that the goods were concealed and embezzled. etc., at the city of Detroit is not fatal. It is alleged in the information that the mortgage was executed by respondent in the city of Detroit on April 12, A. D. 1890, and that on April 14, 1890, the respondent fraudulently did remove, embezzle, and conceal the same, etc. It is provided by How. Stat. § 9533, that—

"It shall not be necessary to state any venue in the body of any indictment; but the county, city, or other jurisdiction named in the margin thereof shall be taken to be the venue for all the facts stated in the body of such indictment: *Provided*, that, in case where a local description is or hereafter shall be required, such local description shall be given in the body of the indictment."

Here the only claim is that the recorder's court has no jurisdiction because it is not alleged that the offense of

concealing, etc., was committed within the city of Detroit; but the information itself is entitled not only within the county of Wayne, but within the city of Detroit, and clearly confers upon the recorder's court jurisdiction within the provisions of the statute. The cases of local description, as provided by the statute, are such as indictments for burglary, house-breaking, stealing in a dwelling-house, store, shop, warehouse, mill, factory, etc. In these and like cases the matter of local description must be proved as laid. 1 Archb. Crim. Pr. & Pl. (7th ed.) 282.

Under the second point of respondent's counsel it may be said that, had the question been raised before plea, the information would have been properly amended, under How. Stat. § 9537, which provides that—

"Any court of record in which the trial of an indictment is had may forthwith allow amendment, in case of variance between the statement in the indictment on which the trial is had and the proof, in the following cases: In the names of any county or place stated in the indictment, in the name or description of any person or body stated to be the owner of any property which is the subject of the offense charged or alleged to have. been injured by the commission of the offense."

It is sufficient to say of the third point raised that the information does allege the value of the property mortgaged. It is contended by counsel for the respondent that the statute under which the prosecution is had cannot be construed that the value of the property removed, etc., fixes and determines the jurisdiction of the court in which the prosecution is to be had, but that. the true intent and meaning of the statute is the value of the mortgagee's interest in such property. We think the statute cannot be given this construction. It is plain and unambiguous in its terms, and provides a penalty beyond the jurisdiction of a justice of the peace

to try and determine when the value of the property exceeds $25.

There is no claim but that the defendant had a fair and impartial trial on the merits, if the information was sufficient to sustain the conviction. While the information, as we have said, is very loosely drawn, we are satisfied that the court had jurisdiction, and the information must be held sufficient.

The judgment must be affirmed.

The other Justices concurred.