## SERRA *v.* MORTIGA.

### ERROR TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 202.    Submitted February 1, 1907.—Decided February 25, 1907.

The guarantees extended by Congress to the Philippine Islands are to be interpreted as meaning what the like provisions meant when Congress made them applicable to those islands.

While a complaint on a charge of adultery under the Penal Code of the Philippine Islands may be fatally defective for lack of essential averments as to place and knowledge on the part of the man that the woman was married, objections of that nature must be taken at the trial, and if not taken, and the omitted averments are supplied by competent proof, it is not error for the Supreme Court of the Philippine Islands to refuse to sustain such objections on appeal.

While the Supreme Court of the Philippine Islands hears an appeal as a trial *de novo* and has power to reëxamine the law and the facts it does so entirely on the record.

THE facts are stated in the opinion.

*Mr. Aldis B. Browne, Mr. Alexander Britton* and *Mr. Maurice Kelly,* for plaintiffs in error, submitted:

The complaint herein fails to state the essential elements of the crime of adultery, and is hence fatally defective. In entering judgment of conviction thereon, the court below violated the fundamental guarantees of the Constitution and of the Philippine Bill of Rights. *United States* v. *Cook,* 17 Wall. 168; *United States* v. *Cruikshank,* 92 U. S. 542, 557; *Evans* v. *United States,* 153 U. S. 584; *Cochran* v. *United States,*

157 U. S. 286; *Pettibone* v. *United States*, 148 U. S. 196; *United States* v. *Slenker*, 32 Fed. Rep. 691.

The complaint herein fails to state any place where the alleged acts of adultery were committed, or to show that they were committed anywhere within the jurisdiction of the court, and is hence fatally defective. The court below in entering judgment of conviction thereon violated the fundamental constitutional guarantees of the Philippine Bill of Rights. *United States* v. *Betiong*, 2 Phillip. 126; *United States* v. *Wood*, 2 Wheeler Cr. Cas. 325; *S. C.*, 28 Fed. Cas. No. 16,757; *United States* v. *Anderson*, 17 Blatchf. 238; *United States* v. *Wilson*, Baldw. 78; *S. C.*, 28 Fed. Cas. No. 16,730, pp. 699, 717; *United States* v. *Burr*, Fed. Cas. No. 14,693; *United States* v. *Jackalow*, 1 Black, 484; *Ledbetter* v. *United States*, 170 U. S. 606; *United States* v. *Burns*, 54 Fed. Rep. 351; *Knight* v. *State*, 54 Ohio St. 365; *Thayer* v. *Commonwealth*, 12 Met. 9; *Commonwealth* v. *Barnard*, 6 Gray, 488; *State* v. *Bacon*, 7 Vermont, 219.

The substantial defects in the complaint were not waived by defendants' plea, nor aided by judgment. Objection may be raised at any stage of the proceedings and by appeal or writ of error. 1 Bishop on Criminal Procedure, 4th ed., § 98*a; The Hoppet* v. *United States*, 7 Cranch, 389; *Markham* v. *United States*, 160 U. S. 319; *United States* v. *Morrisey*, 32 Fed. Rep. 147; *United States* v. *Hess*, 124 U. S. 483; *Kepner* v. *United States*, 195 U. S. 100; *Trono* v. *United States*, 199 U. S. 521; *United States* v. *Cajayon*, 2 Off. Gaz. 157.

No counsel appeared for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the court.

Articles 433 and 434, found in chapter 1 of title IX of the Penal Code of the Philippine Islands, define and punish the crime of adultery. The articles referred to are in the margin.[1]

---

[1] ART. 433. Adultery shall be punished with the penalty of prisión correccional in its medium and maximum degrees.

It is conceded at bar that, under the Philippine law, the offense of adultery, as defined by the articles in question, is classed as a private offense, and must be prosecuted, not on information by the public prosecutor, but by complaint on behalf of an injured party. In the Court of First Instance of Albay, Eighth Judicial District, Philippine Islands, Adriano Mortiga, the defendant in error, as the husband of Maria Obleno, filed a complaint charging her with adultery committed with Vicente Serra, the other plaintiff in error, who was also charged. The complaint is in the margin.[1]

---

Adultery is committed by a married woman who lies with a man not her husband, and by him who lies with her *knowing that she is married*, although the marriage be afterwards declared void.

ART. 434. No penalty shall be imposed for the crime of adultery except upon the complaint of the aggrieved husband.

The latter can enter a complaint against both guilty parties, if alive, and never, if he has consented to the adultery or pardoned either of the culprits.

[1] The United States of America,

Philippine Islands, Eighth Judicial District:

In the Court of First Instance of Albay.

The United States and Macario Mercades, in Behalf of Adriano Mortiga,

*v.*

Vicente Serra and Maria Obleno.

The undersigned, a practicing attorney, in behalf of Adriano Mortiga, the husband of Maria Obleno, accuses Vincente Serra and the said Maria Obleno of the crime of adultery, committed as follows:

That on or about the year 1899, and up to the present time, the accused, being both married, maliciously, criminally and illegally lived as husband and wife, and continued living together up to the present time, openly and notoriously, from which illegal cohabitation two children are the issue, named Elias and José Isabelo, without the consent of the prosecuting witness, and contrary to the statute in such cases made and provided.

(Signed)          MACARIO MERCADES,
                            *Attorney at Law.*

(Signed)          ADRIANO MORTIGA.

ALBAY, February 24, 1904.

Sworn and subscribed to before me this 24th day of February, 1904.

(Signed)          F. SAMSON, *Clerk.*

Witnesses: ADRIANO MORTIGA.
                  BERNARDO MORTIGA.
                  EULALIO MORTIGA.
                  PLACIDO SOLANO.
                  CASIMIRA MARIAS.

The defendants were arraigned, pleaded not guilty, were tried by the court without a jury and were convicted. The court stated its reasons in a written opinion, analyzing the testimony and pointing out that all the essential ingredients of the crime of adultery, as defined by the articles of the penal code already referred to, were shown to have been committed. The accused were sentenced to pay one-half of the costs and to imprisonment for two years, four months and one day. The record does not disclose that any objection was taken to the sufficiency of the complaint before the trial. Indeed, it does not appear that by objection in any form, directly or indirectly, was any question raised in the trial court concerning the sufficiency of the complaint. An appeal was taken to the Supreme Court of the Philippine Islands. In that court error was assigned on the ground, first, that "the complaint is null and void because it lacks the essential requisite provided by law;" and second and third, because it did not appear from the proof that guilt had been established beyond a reasonable doubt. The conviction was affirmed. The assignment of error, which was based on the contention that the conviction was erroneous because the complaint did not sufficiently state the essential ingredients of the offense charged, was thus disposed of by the court in its opinion: "The objections to the complaint, based upon an insufficient statement of the facts constituting the offense, cannot be considered here, because they were not presented in the court below. *United States* v. *Sarabia*, 3 Off. Gaz. No. 29."

The assignments, based on the insufficiency of the proof to show guilt beyond a reasonable doubt, were disposed of by an analysis of the evidence which the court deemed led to the conclusion that all the statutory elements of the crime were proven beyond a reasonable doubt. An application for a rehearing, styled an exception, was made, in which it was insisted that it was the duty of the court to consider the assignment based on the insufficiency of the complaint, since not to do so would be a denial of due process of law. The rehear-

ing was refused, and the sentence imposed below was increased to three years, six months and twenty-nine days, on the ground that this was the minimum punishment provided for the offense.

The errors assigned on this writ of error and the propositions urged at bar to support them are confined to the assertion that the refusal of the court below to consider the assignment of error concerning the insufficiency of the complaint amounted to a conviction of the accused without informing them of the nature and character of the offense with which they were, charged, and was besides equivalent to a conviction without due process of law. It is settled that by virtue of the bill of rights enacted by Congress for the Philippine Islands, 32 Stat. 691, 692, that guarantees equivalent to the due process and equal protection of the law clause of the Fourteenth Amendment, the twice in jeopardy clause of the Fifth Amendment, and the substantial guarantees of the Sixth Amendment, exclusive of the right to trial by jury, were extended to the Philippine Islands. It is further settled that the guarantees which Congress has extended to the Philippine Islands are to be interpreted as meaning what the like provisions meant at the time when Congress made them applicable to the Philippine Islands. *Kepner* v. *United States,* 195 U. S. 100.

For the purpose, therefore, of passing on the errors assigned we must test the correctness of the action of the court below by substantially the same criteria which we would apply to a case arising in the United States and controlled by the bill of rights expressed in the amendments to the Constitution of the United States. Turning to the text of the articles of the Philippine penal code upon which the prosecution was based, it will be seen that an essential ingredient of the crime of adultery, as therein defined, is knowledge on the part of the man charged of the fact that the woman with whom the adultery was committed was a married woman. Turning to the complaint upon which the prosecution was begun, it will be at once seen that it was deficient, because it did not specify the place where the

crime was committed, nor does it expressly state that Vicente Serra, the accused man, knew that Maria Obleno, the woman accused, was at the time of the guilty cohabitation a married woman. It results that there were deficiencies in the complaint which, if raised in any form in the trial court before judgment, would have required the trial court to hold that the complaint was inadequate. But the question for decision is not whether the complaint, which was thus deficient, could have been sustained, in view of the Constitutional guarantees, if a challenge as to its sufficiency had been presented in any form to the trial court before final judgment, but whether, when no such challenge was made in the trial court before judgment, a denial of the guarantees of the statutory bill of rights arose from the action of the appellate court in refusing to entertain an objection to the sufficiency of the complaint because no such ground was urged in the trial court. Thus reducing the case to the real issue enables us to put out of view a number of decisions of this court referred to in the margin,[1] as well as many decided cases of state courts referred to in the brief of counsel, because they are irrelevant, since all the former and, if not all, certainly all of the latter, concern the soundness of objections made in the trial court, by the accused, to the sufficiency of indictments or informations.

In *Ex parte Parks*, 93 U. S. 18, the case was this: The petitioner Parks applied to this court for a writ of *habeas corpus.* He had been convicted and sentenced for the crime of forgery in a District Court of the United States. The ground relied upon for release was that the indictment stated no offense. The writ was discharged. Speaking through Mr. Justice Bradley, it was said:

"But the question whether it was not a crime within the statute was one which the District Court was competent to decide. It was before the court and within its jurisdiction.

---

[1] *United States* v. *Cook,* 17 Wall. 168, 174; *United States* v. *Carll,* 105 U. S. 611; *Dunbar* v. *United States,* 156 U. S. 185; *Cochran & Sayres* v. *United States,* 157 U. S. 286; *Markham* v. *United States,* 160 U. S. 319.

\*    \*    \*    \*    \*    \*    \*    \*

"Whether an act charged in an indictment is or is not a crime by the law which the court administers [in this case the statute law of the United States], is a question which has to be met at almost every stage of criminal proceedings; on motions to quash the indictment, on demurrers, on motions to arrest judgment, etc. The court may err, but it has jurisdiction of the question. If it errs, there is no remedy, after final judgment, unless a writ of error lies to some superior court, and no such writ lies in this case."

In *United States* v. *Ball,* 163 U. S. 662, an attempt was made to prosecute for the second time one Millard H. Ball, who had been acquitted upon a defective indictment, which had been held bad upon the proceedings in error prosecuted by others, who had been convicted and who had been jointly prosecuted with Ball. Reversing the court below, the plea of *autrefois acquit,* relied on by Ball, was held good. It was pointed out that the acquittal of Ball upon the defective indictment was not void, and, therefore, the acquittal on such an indictment was a bar. This case was approvingly cited in *Kepner* v. *United States,* 195 U. S. 100, 129. It being then settled that the conviction on a defective indictment is not void, but presents a mere question of error to be reviewed according to law, the proposition to be decided is this: Did the court below err in holding that it would not consider whether the trial court erred because it had not decided the complaint to be bad, when no question concerning its sufficiency was either directly or indirectly made in that court? Thus to understand the proposition is to refute it. For it cannot be that the court below was wrong in refusing to consider whether the trial court erred in a matter which that court was not called upon to consider and did not decide. Undoubtedly, if a judgment of acquittal had resulted it would have barred a further prosecution, despite the defective indictment. *Kepner* v. *United States, supra.*

But it is said the peculiar powers of the Supreme Court in

the Philippine Islands take this case out of the general rule, since in that court on appeal a trial *de novo* is had even in a criminal case. But as pointed out in the *Kepner case*, whilst that court on appeal has power to reëxamine the law and facts, it does so on the record and does not retry in the fullest sense. Indeed, when the power of the court below to review the facts is considered that power, instead of sustaining, refutes the proposition relied on. Thus the proposition is that the court should have reversed the conviction because of the contention as to the insufficiency of the complaint, when no such question had been raised before final judgment in the trial court, and when, as a necessary consequence of the facts found by the court, the testimony offered at the trial without objection or question in any form established every essential ingredient of the crime. In other words, the contention is that reversal should have been ordered for an error not committed and when the existence of injury was impossible to be conceived, in view of the opinion which the court formed on the facts in the exercise of the authority vested in it on that subject.

*Affirmed.*

MR. JUSTICE HARLAN dissents.