## UNITED STATES v. WAGONER.
### No. 8510.

Circuit Court of Appeals, Seventh Circuit.
June 2, 1944.

Rehearing Denied July 5, 1944.

MAJOR, Circuit Judge, dissenting.

R. C. Parrish and Robert J. Parrish, both of Fort Wayne, Ind., for appellant.

Alexander M. Campbell, of Fort Wayne, Ind., and Nathan T. Elliff, Sp. Asst. to Atty. Gen., Dept. of Justice, for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

Defendant was indicted, tried before a jury, and convicted for violating the provisions of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A. Appendix § 301 et seq. He appeals from the sentence imposed and questions the sufficiency of the indictment.

The Selective Training and Service Act of 1940, as amended, is a completely integrated statutory project for the registration, classification, and induction, into the armed services, of all male citizens and residents of the United States within prescribed age limits, with certain narrow exceptions and exemptions, Rase v. United States, 6 Cir., 129 F.2d 204, 207; Falbo v.

United States, 320 U.S. 549, 552, 64 S.Ct. 346.

The indictment charges that defendant on February 16, 1942, unlawfully, knowingly, wilfully, and feloniously evaded registration as required by the Selective Training and Service Act of 1940, as amended, by then and there unlawfully, knowingly, wilfully, and feloniously failing and refusing to present himself for and submit to registration at such time and place and in such manner as determined by the rules and regulations prescribed under the Act, as amended.

Section 11 of the Act provides: "Any person charged as herein provided with the duty of carrying out any of the provisions of this Act, or the rules or regulations made or directions given thereunder, who shall knowingly fail or neglect to perform such duty * * * or who otherwise evades registration * * * shall, upon conviction * * * be punished * * *" by fine or imprisonment or both.

Section 2 of the Act provides that: "Except as otherwise provided in this Act, it shall be the duty of every male citizen of the United States, and of every other male person residing in the United States, who, on the day or days fixed for the first or any subsequent registration, is between the ages of eighteen and sixty-five, to present himself for and submit to registration at such time or times and place or places, and in such manner and in such age group or groups, as shall be determined by rules and regulations prescribed hereunder."

It is argued that the indictment charges no offense because it failed to allege that defendant was a male person residing in the United States of the age required to register. In other words, that it does not negative the exception contained in § 2 of the Act, and United States v. Cook, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538, is cited.

The sufficiency of the indictment was not questioned in the District Court by motion to quash or otherwise. Defendant never challenged the sufficiency of the indictment at any stage of the proceedings, nor did he claim there was a want of knowledge of the offense charged, or any surprise, or that defendant was misled or prejudiced. He came into court, went to trial, and it was proved that he was born in Marion County, Indiana, on September 19, 1901; that prior to the return of the indictment he resided on a farm in Grant County, Indiana; and that he never registered. February 16, 1942, being aware that he was required to register under the regulations of the Selective Training and Service Act, he had addressed a letter to his local draft board in which he stated that "as a Christian under the leadership of the Holy Spirit I cannot register, and so I am informing you [of my situation] in advance." Thus the evidence established that defendant was a male person residing in the United States and that he was of the age required to register.

The function of an indictment is to apprise a defendant fully and clearly of the nature of the charges made against him. It must contain every element of the offense charged, so as to inform the accused what he must be prepared to meet and to enable him, after judgment, to plead the judgment in bar for further prosecution for the same offense. Evans v. United States, 153 U.S. 584, 14 S.Ct. 934, 38 L.Ed. 830. It, of course, is not the intent of § 1025[1] Revised Statutes to dispense with the rule which requires that the essential elements of an offense must be alleged; but it authorizes the courts to disregard merely loose or inartificial forms of averment. Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment. Hagner v. United States, 285 U.S. 427, 433, 52 S. Ct. 417, 76 L.Ed. 861.

The statute in question states a clear, definite, and general offense. It is directed against persons who knowingly and feloniously fail and refuse to register as required by the Act and regulation. The essential element, or the gist of the crime defined, is the intentional and wilful failure to register. The indictment charged this very element. It alleged that the defendant was a person required by the Act to register and advised him of the nature of the charge, his acts with reference thereto being set out in the past tense. If he had any doubt as to the nature of the charge against him, he should have asked for a bill of particulars. United States v. Wernecke, 7 Cir., 138 F.2d 561.

Even if we assume that the indictment lacked the requisite fulness and precision,

---

[1] Sec. 1025 is the same as 18 U.S.C.A. § 556.

yet there was not a total failure to allege essential elements. True, the indictment was loosely and, perhaps, vaguely drawn, but upon the record before us, it is not vulnerable to the attack here made upon it. Serra v. Mortiga, 204 U.S. 470, 27 S.Ct. 343, 51 L.Ed. 571, and Hagner v. United States, supra, 285 U.S. at pages 427, 433, 52 S.Ct. at pages 417, 419, 76 L.Ed. 861. Nor do we think that the Cook case, supra, is in conflict with the principles enunciated in the cases just cited.

We have also considered defendant's contentions that the Selective Service Regulations do not require the registrant to sign the registration card, and that the right to register a party refusing or failing to appear and submit to registration is by regulations conferred upon all law enforcement officials.

It will be enough to say that the Proclamation of the President of January 5, 1942, No. 2535, 50 U.S.C.A.Appendix § 302 note, 7 Fed. Reg. 177, and the Regulations, § 611.1(d), Code Fed. Regulations 1941 Supplement, Title 32, p. 2824, commanded every man required to be registered to present himself on February 16, 1942, and submit to registration, while Regulation § 642.31(b), cited by defendant, was not in effect on February 16, 1942. It was effective on November 1, 1943. See 8 Fed. Reg. 14116, 14117.

The judgment of the District Court is affirmed.

MAJOR, Circuit Judge (dissenting).

The main premise upon which the opinion appears to rest is that the indictment was merely "loosely and, perhaps, vaguely drawn," which I suppose means that it was deficient as to form. § 2 of the Act (quoted in the opinion) in the first sentence contains a general exception clause, and I concede provisions of the Act within such exception need not be negatived in the indictment. However, the language following the exception clause, "every other male person residing in the United States * * * between the ages of eighteen and sixty-five," is descriptive of essential elements of the offense, and failure to allege such elements renders the indictment fatally defective. These essential requirements are not "vaguely drawn"; they are entirely omitted.

With all the so-called progressive development in the field of criminal pleading and practice, I am unaware of any case which has gone so far as to sustain an indictment which omits an essential element of an offense as defined by statute. No facts are alleged by which it can be determined whether the defendant was within the provision requiring registration. The language quoted from Hagner v. United States sustains this view rather than that of the majority. All there said was in construction of § 1025, which relates solely to defects in matters of form and has no application to a failure to allege an essential element. As shown in the quotation used by the majority, "It, of course, is not the intent of § 1025 Revised Statutes to dispense with the rule which requires that the essential elements of an offense must be alleged." This rule was recognized by this court in the recent case of United States v. Wernecke (cited in the opinion), wherein the court (page 563 of 138 F.2d) stated: "This is not a case where the indictment fails to set forth an essential element."

The opinion emphasizes the failure to challenge the indictment in the court below, together with the fact that the essential elements, omitted from the indictment, were proven at the trial. It has frequently been held, however, that an indictment may be challenged for the first time on review, where there is omission of an essential element of the offense. Keys v. United States, 8 Cir., 126 F.2d 181, 183; Harris v. United States, 8 Cir., 104 F.2d 41, 43.

While the opinion does not expressly so state, its implication is that defendant by going to trial waived his right to a valid indictment. It should be noted in this connection that defendant was without counsel. True, this was his own fault, as the trial court offered to appoint counsel but he chose to conduct his own defense. While I do not believe that even counsel could waive a defective indictment, it would seem certain that nothing of the kind could be attributed to a defendant not represented by counsel and unfamiliar with the rules of criminal pleading and procedure. "If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad." Johnson v. Zerbst, 304 U.S. 458, 463, 58 S.Ct. 1019, 1022, 82 L.Ed. 1461, 146 A.L.R. 357.

In the Zerbst case, the Supreme Court reversed a conviction because it was not shown that the defendant had intelligently

waived his constitutional right to the assistance of counsel. In speaking of such waiver, the court on page 464 of 304 U.S., on page 1023 of 58 S.Ct., 82 L.Ed. 1461, 146 A.L.R. 357, said:

"It has been pointed out that 'courts indulge every reasonable presumption against waiver' of ·fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege."

I should think that what the court thus said would be apropos to the waiver of defendant's constitutional right to be validly charged.

Furthermore, it surely cannot be seriously thought that defendant could have aided the situation by requesting a bill of particulars. In all probability, such a thing would have been completely beyond his knowledge or comprehension. Also, it is beyond the point ·to argue that defendant had knowledge of the offense with which he was charged and was not misled or prejudiced. Such an argument could be made whether the indictment was valid or void.

In my view, the indictment was fatally defective and the judgment rendered thereon is a nullity. It should be reversed.