PEOPLE v MAST (ON REHEARING)

Docket No. 60255. Submitted November 4, 1982, at Grand Rapids.—
Decided June 22, 1983. Opinion on rehearing filed September
13, 1983.

Warren Mast was convicted of welfare fraud of an amount in
excess of $500 following a jury trial in Eaton Circuit Court,
Hudson E. Deming, J. At trial, after the jury was sworn,
defendant moved to quash the information on the basis that, in
charging him with failure to tell the county department of
social services about "changes in his circumstances which
would decrease the need for relief", the information was consti-
tutionally infirm in that it failed to sufficiently apprise the
defendant of the charge against him. The motion was denied.
Defendant appealed and the Court of Appeals reversed, holding
that defendant was denied due process because the language of
the information failed to inform the defendant of the factual
basis for the charge. 126 Mich App 658 (1983). The people
sought a rehearing, which was granted. On rehearing, *held:*

1. The motion to quash was not timely made. Therefore, the
conviction may be reversed based on the denial of the motion
only to correct a manifest injustice.

2. Manifest injustice has not been shown. The defendant
indicated that he understood the substance of the charge,
waived a preliminary examination and arraignment on the
information, moved for neither an amended information nor a
bill of particulars and made no claim of being surprised or
misled as to the factual basis of the charge.

3. The record fails to support defendant's claim that he was
unfairly prejudiced by reason of the fact that the trial court
had him stand before the jury so that the court could deter-
mine whether any juror knew the defendant or by reason of
the reading of the information to the jury twice.

Affirmed.

R. M. MAHER, J., dissented. He would hold that the informa-

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 453.
5 Am Jur 2d, Appeal and Error § 835.

tion did not sufficiently apprise defendant of the nature of the charge against him and that, therefore, defendant was deprived of due process of law. He would reverse.

Criminal Law — Motions and Orders — Motion To Quash Information.

A defendant's motion to quash an information on the basis that it fails to sufficiently apprise him of the charges against him is untimely when made after the jury is sworn and the defendant's conviction on the charges may be reversed on the ground that the motion was erroneously denied only where reversal is necessary to correct a manifest injustice (MCL 767.76; MSA 28.1016).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul F. Berger,* Prosecuting Attorney, and *Jeffrey L. Sauter,* Assistant Prosecuting Attorney, for the people.

*Stiles & Associates* (by *Charles R. Stiles),* for defendant on appeal.

## On Rehearing

Before: MacKenzie, P.J., and R. M. Maher and C. W. Simon,* JJ.

MacKenzie, P.J. Defendant was convicted by a jury of "welfare fraud", MCL 400.60(2); MSA 16.460(2). He was sentenced to five years probation, and appeals as of right.

Defendant contends that the trial court erred in denying his motion to quash the information, which defendant claims did not apprise him sufficiently of the charges against him. The motion, raised after the jury was sworn, was not timely. MCL 767.76; MSA 28.1016. We may reverse, therefore, only to correct a manifest injustice. *People v*

* Circuit judge, sitting on the Court of Appeals by assignment.

*Collins,* 380 Mich 131; 156 NW2d 566 (1968); *People v Laslo,* 78 Mich App 257; 259 NW2d 448 (1977).

Defendant waived a preliminary examination, at which the facts underlying the charge would necessarily have been disclosed. Defendant also waived arraignment in circuit court on the information, and the circuit court file contains a document signed by both defendant and his counsel which includes the following representation:

"The undersigned defendant and attorney hereby acknowledge that defendant has received a copy of the information, has read or had it read or explained to the defendant, *understands the substance of the charge,* and waives circuit court arraignment in open court." (Emphasis added.)

The pretrial statement in the circuit court file contains the following statement:

"Prosecutor will list hereon, the following which he proposes to offer at trial:
"a. All physical exhibits (available for inspection by defense counsel upon written request); Redetermination of Eligibility form; Payroll checks; State of Michigan Treasurer's warrant; Document Examiner Report; and Village of Sunfield Employment/Payroll Records".

Even if defendant and his counsel did not bother to actually examine the proposed exhibits, the list clearly indicates that the changed circumstances to which the information refers involve defendant's employment with the Village of Sunfield.

At the pretrial conference, counsel for defendant acknowledged the trial court's statement that there were no motions to be resolved before trial. Defendant's motion to quash the information was made at trial, after the jury was sworn, and was

therefore untimely. MCL 767.76; MSA 28.1016; *People v Schultz,* 85 Mich 114, 116-117; 48 NW 293 (1891); *People v Hawkins,* 106 Mich 479, 486; 64 NW 736 (1895). No written motion to quash was ever filed, and, when defendant's oral motion was made, the prosecutor complained that he had received no notice. Defendant never requested that the information be amended, never moved for a bill of particulars or for a more definite statement of the charge, never claimed that he was in any way surprised or misled as to the factual basis of the charge, and never moved for the continuance which MCL 767.76; MSA 28.1016 would allow if he was in fact misled.

The foregoing shows that defendant knew the factual basis of the charge against him and that defendant led the trial court and the prosecutor to believe before trial that there was no problem with the information. The record suggests that the delay in making the motion to quash the information was a deliberate dilatory tactic.

In *Serra v Mortiga,* 204 US 470; 27 S Ct 343; 51 L Ed 571 (1907), the complaint on which the criminal conviction was based omitted an essential element of the crime. The Supreme Court nevertheless held that defendant had not been denied due process, even though the lower court refused to consider the sufficiency of the complaint because defendant made no timely objection. *Serra* shows that defendant was not denied due process under the circumstances presented here. Defendant relies on *People v Brown,* 299 Mich 1, 4; 299 NW 784 (1941), for the proposition that defendant's actual knowledge of the factual basis of the charge against him is irrelevant to whether the information sufficiently identifies the charge against him to afford him due process. However, in

*Brown,* defendant made a timely motion to quash the information, and the Court was not in the position of determining, as here, whether manifest injustice occurred. 299 Mich 2. Under the circumstances presented in the instant case, we discern no manifest injustice.

Defendant's remaining claims of error are without merit. The trial judge did not unfairly prejudice defendant by standing him up before the jury. The judge asked defendant to stand so that he could determine whether any juror knew him. Nor did the trial judge unfairly prejudice defendant by reading the information to the jury twice. The judge made it clear that the charge was not evidence of guilt.

Affirmed.

C. W. SIMON, J., concurred.

R. M. MAHER, J. *(dissenting)*. I respectfully dissent.

I remain unconvinced that this case was incorrectly decided when first brought before this Court. For the reasons set forth in our earlier opinion, I would hold that the information did not sufficiently apprise the defendant of the nature of the charge against him, depriving him of due process of law.