PEOPLE v SYAKOVICH

Docket No. 106433. Submitted January 5, 1989, at Lansing. Decided May 23, 1989.

William D. Syakovich was convicted by an Oakland Circuit Court jury of two counts of armed robbery and one count of possession of a firearm during the commission of a felony. Defendant also pled guilty of being an habitual offender, fourth offense. The trial court, Francis X. O'Brien, J., imposed prison sentences of two years for felony-firearm and twenty-five to sixty years on the habitual offender conviction. Defendant appealed, raising several claims.

The Court of Appeals *held:*

1. An individual who commits more than one felony in a single criminal episode in which he is in possession of a firearm may, but not necessarily must, be convicted of more than one count of felony-firearm. Where, as here, the defendant might have been, but was not, charged with more than one count of felony-firearm and the defendant did not move for a bill of particulars prior to trial to ascertain which of the charged felonies was the predicate for the felony-firearm charge, the defendant, absent manifest injustice, may not claim that he lacks proper notice of the felony-firearm charge or that the prosecution is unfairly arguing alternate theories of guilt.

2. Appellate review of defendant's claim that the procedures used in his identification were impermissibly suggestive is precluded by the absence of an objection at trial as to the procedures or a motion to suppress the identification testimony. Additionally, defendant failed to articulate why the procedures were impermissibly suggestive and the record does not indicate that the procedures were impermissibly suggestive.

3. Defendant's claim that he was not given an opportunity to

REFERENCES

Am Jur 2d, Criminal Law § 599; Evidence § 371.5; Weapons and Firearms § 7.7.

Propriety of sentencing judge's consideration of defendant's perjury or lying in pleas or testimony in present trial. 34 ALR4th 888.

Admissibilty of evidence of photographic identification as affected by suggestive identification procedures. 39 ALR3d 1000.

review, explain or refute facts contained in his presentence report is without merit. The sentencing hearing transcript contains a statement by defense counsel that he had reviewed the report and that he took no issue with the facts as represented in the report. Furthermore, the Court of Appeals declines to review defendant's challenge to the report's accuracy since the issue was not raised in defendant's motion for resentencing and defendant did not provide a transcript of the hearing on that motion.

4. It was not improper for the trial court to enhance defendant's sentence on the basis of his attempt to induce a witness to commit perjury so that an alibi defense could be presented.

Affirmed.

1. CRIMINAL LAW — FELONY-FIREARM — MULTIPLE FELONIES.

An individual who commits more than one felony in a single criminal episode in which he is in possession of a firearm may, but not necessarily must, be convicted of more than one count of possession of a firearm during the commission of a felony (MCL 750.227b; MSA 28.424[2]).

2. CRIMINAL LAW — FELONY-FIREARM — MULTIPLE FELONIES — NOTICE.

Where a defendant might have been, but was not, charged with more than one count of possession of a firearm during the commission of a felony in connection with a single criminal episode involving multiple felonies, and the defendant did not move for a bill of particulars to ascertain which of the charged felonies was the predicate for the felony-firearm charge, the defendant, absent manifest injustice, may not claim that he lacks proper notice of the felony-firearm charge or that the prosecution is unfairly arguing alternative theories of guilt.

3. CRIMINAL LAW — IDENTIFICATION — APPEAL.

The question of suggestiveness in the manner in which a defendant's identification was conducted will not be reviewed on appeal in the absence of an objection at trial or a motion to suppress the identification evidence.

4. CRIMINAL LAW — SENTENCING — SUBORNATION OF PERJURY.

An attempt by a defendant to induce a witness to give false testimony may serve as a basis for the enhancement of the defendant's sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Richard Thompson,*

Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Margaret C. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Lynn Rose,* for defendant on appeal.

Before: Hood, P.J., and Beasley and T. M. Burns,* JJ.

Per Curiam. Defendant appeals as of right his convictions by jury of armed robbery (two counts), MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), as well as his plea-based conviction of habitual offender, fourth offense, MCL 769.12; MSA 28.1084. He was sentenced to twenty-five to sixty years of imprisonment and given 190 days credit for the armed robbery convictions and was sentenced to two years of imprisonment for felony-firearm. The sentences for the armed robbery convictions were vacated, and defendant was sentenced to twenty-five to sixty years of imprisonment (the same sentence as originally imposed) for the habitual offender conviction. Defendant also appeals his sentence.

This case involves two armed robberies committed on October 13, 1986,[1] in which defendant assaulted and robbed Patrick Bartholomew and Cindy Bomek at a Royal Oak supermarket. After the jury was impaneled and sworn, defense counsel moved to dismiss the felony-firearm charge on the ground that the general information was insufficient because it failed to provide defendant notice

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] Defendant pled guilty to committing two other armed robberies at the supermarket, one of them involving one of the victims in this case, on July 29, 1986. The July armed robberies were also the subject of an unpublished opinion per curiam of the Court of Appeals, decided February 14, 1989 (Docket No. 106432).

of which of the two armed robberies was the predicate felony for the felony-firearm charge. On appeal, defendant contends that his felony-firearm conviction is legally insufficient for the same reason.

In support of this argument, defendant cites *People v Rosen,* 136 Mich App 745, 759-762; 358 NW2d 584 (1984), lv den 422 Mich 924 (1985). However, in *Rosen,* reversal hinged on an error in the admission of prior bad acts testimony, not on insufficiency of the pleadings. *Id.* at 751, 755. Further, counsel in *Rosen* moved for a bill of particulars; no such motion was made in this case.

We note that in *People v Morton,* 423 Mich 650, 655-656; 377 NW2d 798 (1985), our Supreme Court held that, where a defendant commits more than one felony in a single transaction, he may be convicted of more than one count of felony-firearm. We do not believe that the converse is necessarily true: a defendant need not be charged with more than one count of felony-firearm where separate felonies are committed while the defendant is in possession of a firearm during a single criminal transaction.

The language contained in the general information in the instant case tracks that contained in the felony-firearm statute, and put defendant on notice that he was charged with carrying or possessing a gun at the time he committed or attempted to commit the felony of armed robbery. See, e.g., *People v Roupe,* 150 Mich App 469, 476; 389 NW2d 449 (1986), lv den 426 Mich 863 (1986). Further, both counts of armed robbery alleged that defendant committed an assault while armed with a gun. Where, as here, a defendant may be, but is not, charged with multiple counts of felony-firearm and does not move for a bill of particulars prior to trial, that defendant, absent manifest injustice,

may not later claim that he lacks notice or that the prosecution is unfairly arguing alternate theories of guilt. *People v Mast (On Rehearing)*, 128 Mich App 613, 614-615; 341 NW2d 117 (1983). To hold otherwise would be to create an appellate parachute. *Id.* at 616.

Defendant next contends that, given the suggestiveness of a photographic showup, the trial court improperly denied his motion to suppress the tainted identification testimony of two supermarket employees. Although defendant does not specify which two supermarket employees he is referring to, we conclude that defendant is referring to Cindy Bomek and Patrick Bartholomew.[2] However, following the evidentiary hearing, the only witness whose identification testimony defense counsel moved to suppress was George Fitzpatrick, yet Fitzpatrick did not testify in the instant case. We are not inclined to review the suggestiveness of identification procedures where defendant fails to object to the identification during trial or to move to suppress the identification testimony either before or during trial. *People v Larry,* 162 Mich App 142, 155; 412 NW2d 674 (1987). This is especially so because defendant has failed to articulate the manner in which he contends the photographic showup was impermissibly suggestive, and there is nothing on the record to suggest that the showup procedures used were unduly suggestive. Absent such a showing, no independent basis for the identification need be established. *People v Laidlaw,* 169 Mich App 84, 93; 425 NW2d 738 (1988). Even if the photographic showup procedures used were improper, we feel that a sufficient independent basis for the witnesses' in-court identification

___

[2] It appears from the record that Bomek and Bartholomew were the only two supermarket employees examined at the March 27, 1987, evidentiary hearing who later gave identification testimony at trial.

of defendant was established so as to purge any taint. *People v Kachar,* 400 Mich 78, 95-97; 252 NW2d 807 (1977); *People v Anderson,* 166 Mich App 455, 478; 421 NW2d 200 (1988).[3]

Defendant next contends that he was not given the opportunity to review, explain or refute facts contained in the presentence report as required by MCR 6.101(K) and that he is therefore entitled to a resentencing. We disagree. The transcript of sentence clearly shows defense counsel's statement that he had reviewed the presentence report and updates to the report and that he did not take issue with the facts as represented in those reports. Further, we decline to review defendant's challenge to the report's accuracy because the issue was not raised in defendant's motion for resentencing[4] and because defendant did not order that motion hearing to be transcribed.[5]

Finally, defendant contends that he is entitled to a resentencing because the sentencing judge impermissibly enhanced defendant's sentence on the ground that the jury believed defendant had attempted to bring a perjurious alibi witness before the trial court. We disagree.

In *People v Adams,* 430 Mich 679, 688; 425 NW2d 437 (1988), our Supreme Court ruled that defendant's false testimony may be considered by the sentencing judge in imposing sentence when the record contains a rational basis for concluding that defendant's testimony amounted to wilful,

---

[3] We note that both witnesses saw defendant in a well-lit area of the store at close range during the course of the robbery. Both commented on the unusual appearance of defendant's nose. Bomek had seen defendant during another robbery (in which she was also a victim) which took place about three months before the instant offense, and Bartholomew saw and noticed defendant before defendant had an opportunity to disguise himself prior to the robberies.

[4] *People v Wiggins,* 151 Mich App 622, 626; 390 NW2d 740 (1986).

[5] *Nye v Gable, Nelson & Murphy,* 169 Mich App 411, 413; 425 NW2d 797 (1988).

material and flagrant perjury, and that these misstatements have a logical bearing on defendant's prospects for rehabilitation. We have reviewed the record and note that Kathleen Thompson, defendant's ex-girlfriend, testified that defendant asked her to "be his alibi," and that she originally agreed. After discussing their alibi story together, Thompson gave a false account of defendant's whereabouts on the night of the robberies to police, but recanted soon after receiving her trial subpoena.

We believe that the subornation of perjury speaks as ill of defendant's character as does perjury. Therefore, although *Adams* discusses perjury committed by a defendant, we conclude that the sentencing judge's enhancement of defendant's sentence because of defendant's subornation of perjury was proper under an *Adams* rationale. *Id.* at 693.

Affirmed.