# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BETTINA ANTOINETTE SMITH,

Defendant-Appellant.

UNPUBLISHED
May 28, 2015

No. 319943
Kalamazoo Circuit Court
LC No. 2012-001721-FH

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by right her convictions of false pretenses greater than $999 but less than $20,000, MCL 750.218(4)(a), and conspiracy to commit welfare fraud over $500, MCL 750.157a and MCL 400.60. We affirm.

Defendant was certified to provide childcare to three of her nieces through the Child Care and Development Program (CCDP) funded by the Department of Human Services (DHS). The nieces were all children of defendant's sister, Della Nichols. Between May 1, 2005 and November 8, 2008, defendant consistently, and in writing, represented to the DHS that she provided childcare to each of the children for 50 hours per week while Nichols worked. However, a DHS investigation revealed that, during much of this time, there were not sufficient hours during which the children were out of school, Nichols was working, and defendant was not working for defendant to have legitimately provided childcare for the children for the amount of time she claimed. An agent with the Office of the Inspector General for the DHS determined that between May 1, 2005 and November 8, 2008, defendant defrauded the DHS out of approximately $17,000.

Defendant first argues that she was denied her due process right to adequate notice of the charges against her because, before trial, the prosecution moved to amend the information to expand the timeframe in which the charges occurred. "The Due Process Clause of the Fourteenth Amendment mandates that a state's method for charging a crime give a defendant fair notice of the charge against the defendant, to permit the defendant to adequately prepare a defense." *People v Chapo*, 283 Mich App 360, 364; 770 NW2d 68 (2009). The main purpose of the information is to give a defendant notice of the charges against her, *People v Fortson*, 202 Mich App 13, 15-16; 507 NW2d 763 (1993), and an information must contain: (1) the "nature of the offense stated in language which will fairly apprise the accused and the court of the offense

-1-

charged"; (2) "[t]he time of the offense as near as may be"; and (c) "[t]hat the offense was committed in the county or within the jurisdiction of the court," MCL 767.45(1). Both MCL 767.76 and MCR 6.112(H) permit a trial court to amend an information before, during, or after trial. *People v McGee*, 258 Mich App 683, 686; 672 NW2d 191 (2003). However, an amendment to an information "must not cause unacceptable prejudice to the defendant through unfair surprise, inadequate notice, or insufficient opportunity to defend." *Id*. at 688 (quotation marks and citation omitted). Notably, if a preliminary examination is held on a charge that the prosecution later seeks to have added to an information, a defendant is not unfairly surprised or deprived of adequate notice or a sufficient opportunity to defend at trial with regard to that charge. *People v Unger*, 278 Mich App 210, 221-222; 749 NW2d 272 (2008).

After a preliminary examination, defendant was bound over to the circuit court on one count of false pretenses less than $20,000 and one count of conspiracy to commit welfare fraud greater than $500, and an information was filed charging defendant with committing these crimes between January 2008 and April 2008. The prosecution subsequently sought to amend the information to allege that the conduct giving rise to the charges was "on-going between May 1, 2005 and November 8, 2008," and the trial court permitted this amendment. Defendant claims that she was prejudiced because she was given inadequate notice of the expanded timeframe for the charges. However, defendant was given notice of the addition of the expanded timeframe two months before trial began, which was sufficient to satisfy due process considerations. *People v Russell*, 266 Mich App 307, 317; 703 NW2d 107 (2005); *McGee,* 258 Mich App at 701. Moreover, defendant cannot establish that she was prejudiced by the amended information where she admitted that she knew about the expanded timeframe before the preliminary examination, she was granted an adjournment of trial to prepare to defend the expanded timeframe, and the expanded timeframe arose out of the same events as originally set forth in the information. *McGee,* 258 Mich App at 702. And, because defendant was tried on the very charges for which she was bound over following the preliminary examination, defendant cannot establish any violation of her due process right to reasonable notice of the charges. *Unger*, 278 Mich App at 221-222. Defendant was given adequate notice regarding the expanded timeframe within which the prosecution alleged that the crimes were committed to satisfy due process considerations. *Russell*, 266 Mich App at 317.

Next, defendant argues that she was denied her due process right to adequate notice because the information was amended mid-trial when the prosecution argued that defendant committed the conspiracy crime by becoming the de facto caretaker of the children. Specifically, the prosecution argued that defendant engaged in conspiracy to commit welfare fraud because she either: (1) charged the DHS for CCDP services that were not actually provided; or (2) was the usual caretaker of her nieces and thus not eligible for CCDP funds. The language in the information put defendant on notice that she was charged with the crime of conspiracy to commit welfare fraud and contained all of the required facts regarding this charge. MCL 767.45(1). The prosecution's argument that defendant engaged in conspiracy because she was the usual caretaker of her nieces was not an amendment of the information; instead, the prosecution was simply arguing alternative theories of guilt, which was permissible. *People v Syakovich*, 182 Mich App 85, 88-89; 452 NW2d 211 (1989).

Defendant also argues that the trial court was required to give a specific unanimity instruction with regard to the charge of false pretenses. However, the record supports that

defendant's trial counsel clearly and repeatedly expressed satisfaction with the jury instructions. Therefore, defendant waived any objection to the instructions, *People v Kowalski*, 489 Mich 488, 504; 803 NW2d 200 (2011), and defendant cannot seek appellate review of this issue because her waiver extinguished any error, *People v Hall (On Remand)*, 256 Mich App 674, 679; 671 NW2d 545 (2003). Nevertheless, our review of the record indicates that the general unanimity instruction was sufficient, and, accordingly, the trial court's instructions did not constitute plain error. *People v Cooks*, 446 Mich 503, 512-513; 521 NW2d 275 (1994).

Defendant further argues that the trial court abused its discretion when it permitted the prosecution to call Detective Jeffrey Baker as a rebuttal witness. Defendant testified that, in 2005, she created a spreadsheet detailing all of her care for her nieces and that she recorded entries in the spreadsheet contemporaneously with the childcare that she provided from 2005 to 2008. Defendant provided the spreadsheet in electronic form on a USB thumb drive. The prosecution called Baker in rebuttal as a computer expert witness. He testified that, having inspected the electronic file, the spreadsheet was not created until 2013. "Rebuttal evidence is admissible to contradict, repel, explain or disprove evidence produced by the other party and tending directly to weaken or impeach the same," and "[t]he question whether rebuttal is proper depends on what proofs the defendant introduced and not on merely what the defendant testified about on cross-examination." *People v Figgures*, 451 Mich 390, 399; 547 NW2d 673 (1996) (quotation marks and citations omitted). In addition, "the test of whether rebuttal evidence was properly admitted is . . . whether the evidence is properly responsive to evidence introduced or a theory developed by the defendant." *Id*.

Defendant argues that the admission of Baker's testimony violated the trial court's pretrial discovery order. Discovery in a criminal case is governed by MCR 6.201 and, pursuant to this court rule, parties are required to disclose the names of all witnesses whom the party may call at trial. MCR 6.201(A)(1). Pursuant to MCR 6.201(J), if a party fails to comply with this court rule, the trial court possesses the discretion to fashion an appropriate remedy for the violation. This exercise of a trial court's discretion requires an inquiry into all the relevant circumstances, including the cause of the noncompliance and whether the party objecting to the evidence can establish prejudice. *People v Rose*, 289 Mich App 499, 525-526; 808 NW2d 301 (2010) (citation omitted).

In the present case, there is no dispute that Baker was not identified as a prosecution witness prior to trial as required by MCR 6.201(A)(1) and the trial court's scheduling order requiring compliance with this court rule. However, the prosecution did not disclose Baker as a witness before trial because the prosecution was not, and could not have been, aware that Baker would be needed as a witness until the first day of trial. Specifically, defendant violated the discovery order by not producing the spreadsheet about which Baker was called to testify until the first day of trial. It was only at that point, and after defendant's testimony regarding the spreadsheet, that the prosecution could have concluded that there was a need for Baker's rebuttal testimony. In addition, defendant did not ask the trial court to postpone Baker's testimony in order to give defendant more time to prepare for cross-examination or locate a witness to contradict Baker's testimony. Moreover, although Baker's testimony discredited the credibility of defendant in general and with regard to the specific issue of when she created the spreadsheet, it did not discredit defendant with regard to the substantive issues to be decided at trial. Ultimately, any prejudice that occurred due to Baker's testimony was due to the fact that

defendant failed to produce the spreadsheet earlier. Accordingly, the trial court did not abuse its discretion when it permitted Baker to testify as a rebuttal witness. *Id*. at 526.

Finally, defendant argues that the admission of Baker's testimony barred defendant from presenting a defense. "There is no doubt that based on the Fourteenth Amendment's Due Process Clause and the Sixth Amendment's Compulsory Process or Confrontation Clauses, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *People v King*, 297 Mich App 465, 473; 824 NW2d 258 (2012) (quotation marks and citation omitted). However, "the right to present a complete defense may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." *Id*. (quotation marks and citation omitted). Indeed, a defendant's constitutionally guaranteed right to present a defense is not absolute; a defendant must comply with procedural and evidentiary rules when presenting her defense. *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008). In addition, to establish a due process violation, a defendant must prove prejudice to her defense. *McGee*, 258 Mich App at 700.

For the reasons discussed above, the trial court did not abuse its discretion when it permitted Baker's rebuttal testimony. Further, defendant's presentation of the spreadsheet on the first day of trial violated the trial court's pretrial discovery order and defendant's right to present a defense did not excuse noncompliance with established rules and procedures. *Yost*, 278 Mich App at 379. If defendant had produced the spreadsheet at an earlier date, the prosecution may then have identified Baker as a rebuttal witness before trial and defendant may have had time to locate a witness to contradict Baker's testimony. Moreover, defendant does not dispute that she had the ability to present a defense using the spreadsheet through her own trial testimony about the spreadsheet. Although defendant speculates that she could have located a witness to contradict Baker's testimony, she does not provide an offer of proof regarding what this hypothetical witness would testify to if called. Therefore, any prejudice to defendant stemming from her inability to call a witness to contradict Baker's testimony is mere speculation. An appellant bears the burden of furnishing this Court with a record to verify the factual basis of any argument upon which reversal is predicated, *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000), and "inferences must have support in the record and cannot be arrived at by mere speculation," *People v Plummer*, 229 Mich App 293, 301; 581 NW2d 753 (1998). In sum, the admission of Baker's testimony did not deprive defendant of her right to present her defense.

Affirmed.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro