## The People v. Albert Taylor.

*Criminal law—Prize-fighting—What constitutes—Pleading.*

1. It is sufficient in an information under How. Stat. § 9306, which makes it an offense for any person to "be a party to or engage in a prize-fight," to follow the language of the statute in charging the offense.

2. How. Stat. § 9306, in so far as it seeks to punish those who are parties to or engage in "any other fight in the nature of a prize-fight," is inoperative, the elements constituting such "other fight," etc., not being defined, and there being no source to which the court can go to ascertain the legislative intent.

3. As to what constitutes prize-fighting is a question of law; but it is a term in common use, and the very employment of the word indicates what is meant.

4. To constitute prize-fighting, under How. Stat. § 9306, there must be an expectation of reward to be gained by the contest or competition, either to be won from the contestant or to be otherwise awarded, coupled with an intent to inflict upon such contestant some degree of bodily harm.

Exceptions before judgment from the superior court of Grand Rapids. (Burlingame, J.) Submitted on briefs June 16, 1893. Decided July 26, 1893.

Respondent was convicted, under How. Stat. § 9306, of engaging in a prize-fight. Conviction set aside, and new trial ordered. The facts are stated in the opinion.

*Dunham & Preston*, for respondent.

*A. A. Ellis*, Attorney General, and *Alfred Wolcott*, Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted under an information containing two counts, based upon How. Stat. § 9306, which provides that—

" Any person who shall hereafter be a party to or engage in a prize-fight, or any other fight in the nature of a prize-fight, in this State, or who shall aid or abet therein, shall, on conviction thereof, be punished," etc.

The first count of the information charged that the respondent—

"At the city of Grand Rapids, in the county of Kent, did then and there unlawfully engage in a prize-fight with one Edgar Broom, and did then and there fight a prize-fight with said Edgar Broom, contrary to the statute."

The second count of the information charged that—

" The said Albert Taylor did then and there engage in a fight in the nature of a prize-fight with one Edgar Broom, contrary to the statute."

The respondent moved to quash the information, on the ground that no offense is charged therein, and the refusal to quash the information is assigned as error.

1. It is contended that prize-fighting is not an offense at the common law, and that, where a statute creates a new offense, it is necessary to set out the facts and circumstances, so that the court may judge whether the act charged comes within the prohibition of the statute. It is undoubtedly the general rule that when an offense is created by statute an information is sufficient which charges

the offense in the words of the statute. This rule is not, however, universal. Wherever it is essential to apprise the respondent of the precise offense charged, and an averment in the language of the statute is not sufficient to do so, the courts will require that the information be more specific. But this can only occur where the words of the statute may by their generality embrace cases which, while falling within its literal terms, are not within its meaning or spirit. Such, we think, is not the case as to the offense here under consideration. Prize-fighting is prohibited by the statute, and there is no species of prize-fighting which is innocent while this statute is in force. As to what constitutes prize-fighting is a question of law; but it is a term in common use, and the very employment of the word indicates what is meant. A similar statute has been twice before the supreme court of Massachusetts, and indictments following the language of the statute have been upheld. *Com. v. Welsh,* 7 Gray, 324; *Com v. Barrett,* 108 Mass. 302. It is true that the supreme court of Mississippi reached a different conclusion in *Sullivan v. State,* 67 Miss. 346 (7 South. Rep. 275), but we think the Massachusetts doctrine more in accord with the holdings of this Court. See *People v. Kent,* 1 Doug. 42; *Rice v. People,* 15 Mich. 9; *Durand v. People,* 47 Id. 332.

2. It is objected that so much of the act as seeks to punish for engaging in a fight in the nature of a prize-fight is unconstitutional, as the title is not broad enough to include this provision. The title is—

"An act to prohibit, discourage, and punish prize-fighting within the State of Michigan."

We do not think the statute open to this precise objection, as we are unable to see that the words, "or any other fight in the nature of a prize-fight," can be treated as defining any offense other than a prize-fight. The elements

which go to constitute any other fight in the nature of a prize-fight are not defined in the statute, and there is no source to which we can go to ascertain the legislative intent. We think, therefore, but one offense is defined in the statute. It follows from this that the second count of the information charges no offense.

The court, in its charge to the jury, undertook to define what constitutes a prize-fight, and instructed the jury as follows:

"A prize-fight is defined to be where two persons, by an agreement between themselves, or by their authorized agents, or by any other person, with their (the principal's) consent and acquiescence, meet together in a ring, or its equivalent, in the presence of other persons, present as spectators, and for money or other valuable property strike at and against each other with their hands and fists, whether their hands or fists are bare or inclosed in gloves of any weight, and whether the same is for 'points,' so called, or for personal conquest alone, and whether for a limited number of rounds or to a finish, provided, that the arrangement or agreement was such that a 'knock-out,' so called, shall be deemed to be a point in favor of the contestant inflicting the same, and against the person suffering therefrom, to an extent that the greater portion of the money or other valuable thing is given to the one who inflicts the injury and knock-out than is given to him who suffers the same.

"A fight in the nature of a prize-fight is one containing all the elements of a prize-fight, except that it shall not be necessary to prove that any money or valuable thing passed to either or both of the contestants on account of the fight."

A want of familiarity with the terms employed in the charge makes it difficult for us to determine whether the respondent was prejudiced by the instruction given by the learned trial judge. It is apparent that it would have been far better to employ language which could be interpreted by one unskilled in the terms employed by the profession, especially as the evidence is not returned, and we are unable to gather from anything in the record what the term "knock-out" means. We think to constitute prize-

fighting under this statute there must have been an expectation of reward to be gained by the contest or competition, either to be won from the contestant or to be otherwise awarded; and there must have been an intent to inflict some degree of bodily harm upon the contestant. Whether these elements of the offense existed in the present case we are not instructed by the evidence, and we are unable to determine from the language employed by the charge that the jury were required to find the presence of these elements before they should return a verdict of guilty. See 19 Amer. & Eng. Enc. Law, 157.

The other questions presented are not likely to arise on a new trial.

The conviction will be set aside, and a new trial ordered upon the first count of the information.

McGRATH, LONG, and GRANT, JJ., concurred with MONTGOMERY, J. HOOKER, C. J., concurred in the result.