## PEOPLE v. REED

1. INDICTMENT AND INFORMATION—HOMICIDE—APPEAL AND ERROR—SAVING QUESTION FOR REVIEW.

Claim that information which charged defendant with first-degree murder or second-degree murder was defective *held,* waived, where defendant did not object to the form of the information until after the people had concluded their proofs (CL 1948, §§ 750.316, 750.317).

2. APPEAL AND ERROR—GROUNDS FOR REVERSAL—SUBSTANTIAL RIGHTS—MISCARRIAGE OF JUSTICE.

The Court of Appeals will not reverse a criminal conviction unless it is satisfied that there was error committed that has deprived a defendant of substantial rights or has resulted in a miscarriage of justice (CL 1948, § 769.76).

3. INDICTMENT AND INFORMATION—RES GESTAE WITNESS—INDORSEMENT—DUTY OF PROSECUTION.

Failure of trial court to require indorsement of the name of an individual who allegedly was present at the scene of a fatal shooting some three hours prior to the shooting did not constitute prejudicial error, where there was no affidavit suggesting that the witness was present at the time of the shooting or even remained after having been there three hours prior to the shooting, there did not exist any interrelated chain of events leading up to the shooting making the individual a *res gestae* witness, and it was not shown that the prosecutor had knowledge of the identity of the witness prior to trial.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 599.
[2] 5 Am Jur 2d, Appeal and Error §§ 783, 948.
[3] 58 Am Jur, Witnesses §§ 4, 9 *et seq.*
Court's witnesses (other than expert) in criminal prosecution, 67 ALR 2d 538.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 June 6, 1969, at Lansing. (Docket No. 6,058.) Decided June 24, 1969. Leave to appeal denied February 24, 1970. See 383 Mich 769.

George Reed, also known as George Cumbus, was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *David P. Stoller,* Assistant Prosecuting Attorney, for the people.

*Michael W. Hutson,* for defendant.

BEFORE: LESINSKI, C. J., and QUINN and DANHOF, JJ.

PER CURIAM. The defendant appeals his nonjury circuit court conviction of second-degree murder under CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549), claiming the information failed to charge him with any crime, the court erred in failing to require indorsement of an alleged *res gestae* witness and the conviction of murder in the second degree was against the great weight of the evidence. The first question raised involves an examination of the requirements of an information charging an accused with murder. Defendant alleges the information was defective on the grounds that it charged him with two crimes in the disjunctive ("or") and was therefore duplicitous. Furthermore, defendant alleges that he was denied a fair trial on the ground that he was placed in a perilous position of not knowing the specific crime under which he was charged

thereby preventing him from raising a proper defense. The information, where pertinent, reads as follows:

"George Reed a/k/a George Cumbus   *   *   *
murdered Jessie Lee Hatten, Contrary to Section 750.316 of the Compiled Laws of 1948: M.S.A. Section 28.548 or Contrary to Section 750.317 of the Compiled Laws of 1948: M.S.A. Section 28.549. (*Maximum penalty—Life*)."

Defendant did not object to the form of the information until after the people had concluded their proofs. Thus, he waived any alleged error and the trial court correctly denied the motion. MCLA § 767.76 (Stat Ann 1954 Rev § 28.1016).

Also on appeal this Court will not reverse unless we are satisfied that there was error committed that deprived the defendant of substantial rights or resulted in a miscarriage of justice. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096), *People* v. *Amos* (1968), 10 Mich App 533. We do not find such error here.

Second, defendant's allegation that the court erred in failing to require indorsement of the name of an individual who allegedly was present at the scene of the fatal shooting some three hours prior to the shooting lacks merit. There is no affidavit suggesting that this witness was present at the time of the shooting or even remained after having been seen there three hours prior to the shooting. At the time he was present there did not exist any interrelated chain of events leading up to the shooting making the individual a *res gestae* witness. The record fails to establish that the prosecutor had knowledge of the identity of the alleged witness prior to trial. Additionally, the trial court determined that the witness was not a *res gestae* witness and refused defendant's motion to have him indorsed on the in-

formation. This was within the discretion of the trial judge, and his refusal does not constitute an abuse of judicial discretion. MCLA §767.40 (Stat Ann 1969 Cum Supp § 28.980), *People* v. *Keys* (1968), 9 Mich App 482. The failure to require indorsement did not constitute prejudicial error. See *People* v. *Schwartz* (1921), 215 Mich 197.

The allegation that the evidence introduced did not support the conviction of defendant for second-degree murder lacks merit. There was sufficient evidence introduced as noted in the specific finding of facts, if believed, to support the conclusion that defendant was guilty of second-degree murder beyond a reasonable doubt.

Affirmed.