PEOPLE *v* OWENS

1. INDICTMENT AND INFORMATION—UTTERING AND PUBLISHING—
   DEFICIENCY.

   An information charging that the defendant uttered and pub-
   lished an instrument which was "false, forged *and* counter-
   feit" rather than stating that the instrument was "false,
   forged, altered *or* counterfeit", as provided in the governing
   statute, was not deficient because of the use of the conjunc-
   tive where the information expressly cited the criminal stat-
   ute upon which the charge was based, because the defendant
   was not prejudiced or misled by the mistake (MCLA 750.249,
   767.45[1], 767.57).

2. INDICTMENT AND INFORMATION—DEFICIENT INFORMATION—FAILURE
   TO OBJECT—APPEAL AND ERROR.

   Refusal to give defendant's requested instruction to the jury
   in an uttering and publishing case that the people must prove
   beyond a reasonable doubt that the instrument was "false,
   forged *and* counterfeit", as described in the information,
   and instructing the jury that the people must prove beyond
   a reasonable doubt that the check was "false, forged *or*
   counterfeit", as provided by the governing statute, cannot be
   assigned as error on appeal where the defendant was aware
   of the defect in the information long before commencement
   of the trial but elected to refrain from raising an objection
   to the information until the requested jury instruction (MCLA
   750.249, 767.76).

Appeal from Jackson, Charles J. Falahee, J.
Submitted Division 2 November 4, 1971, at Lansing.
(Docket No. 10367.) Decided January 18, 1972.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indictments and Informations § 96.
[2] 5 Am Jur 2d, Appeal and Error § 545.

James Owens was convicted of uttering and publishing. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Kim Harris,* Assistant Prosecuting Attorney, for the people.

*John W. Bannasch, Jr.,* for defendant on appeal.

Before: Danhof, P. J., and Bronson and Targonski,* JJ.

Targonski, J. On August 12, 1970, defendant was tried and convicted by a jury in the Circuit Court for the county of Jackson on a charge of uttering and publishing. Specifically their finding was that the defendant did present a check with intent to injure or defraud knowing said check to be false, forged, or counterfeit; defendant appeals from this verdict.

The information as filed in the Circuit Court for the county of Jackson stated that the defendant, James Walker Owens, on or about April 27th, 1970,

"feloniously did utter and publish as true a certain false, forged *and* conterfeit check for the payment of money, which said false, forged *and* counterfeit check is, as follows: a check in the amount of $288.34 drawn on the treasurer of the United States, payable to Russell L. & Christine Cooper. With intent then and there to injure and defraud, he the said James Walker Owens at the time he so uttered and published the said false check for the payment of money as aforesaid, then and there

_____
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

well knowing the same to be false, forged *and* counterfeit." (Emphasis added.)
"MSA 28.446, as amended."

The statute under which the information was drawn is MCLA 750.249; MSA 28.446, which reads as follows:

"Any person who shall utter and publish as true, any false, forged, altered *or* counterfeit record, deed, instrument or other writing mentioned in the preceeding section, knowing the same to be false, altered, forged *or* counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony, * * * ." (Emphasis added.)

It is readily apparent from a comparison of the information and the statute that the person drafting the information substituted the conjunctive "and" for the disjunctive "or" which appears in the statute. Defendant contends that this is a material alteration of the statute and that the information is defective inasmuch as the offense charged is statutory. Further, defendant makes claim that he was entitled to a jury instruction based upon the charge as it was set out in the information and that the prosecution has to prove beyond a reasonable doubt that the check in question was false, forged *and* counterfeit. A request for such instruction was made by the defendant at the time of the trial but was denied by the trial court.

In connection with the defendant's contentions we have examined MCLA 767.45 (1); MSA 28.985 (1) which states:

"The indictment or information shall contain: (1) The nature of the offense stated in language which will fairly apprise the accused and the Court of the offense charged; * * * ."

In *People* v *William Turner,* 26 Mich App 632 (1970), the defendant alleged that the original information as filed in 1958 charged him with second-degree murder while the amended information, filed in 1969, charged him with felony-murder (first-degree murder) and, therefore, the amendment was contrary to law and a violation of rights because it charged him with a crime more severe than that with which he was originally charged. This Court disposed of this issue as follows:

"Turner's contention is without merit. Both informations cited the first-degree murder statute. MCLA § 750.376 (Stat Ann 1954 Rev § 28.548). Such a reference by section numbers is expressly authorized by MCLA § 767.57 (Stat Ann 1954 Rev § 28.997).

" 'In pleading a statute or a right derived therefrom it is sufficient to refer to the statute by its title, or in any other manner which indentifies the statute and the court must thereupon take judicial notice thereof.'

"Furthermore, the record establishes beyond a doubt that defendant Turner was aware of the crime with which he was charged." *People* v *William Turner, supra,* 637, 638.

In the instant case before us, the defendant was aware of the fact that the offense charged was statutory and he was not misled or prejudiced by the fact that the information as drawn substituted the word "and" for the word "or", since the information expressly cited the criminal statute upon which the charge was based. Such defect in the information did not prejudice the defendant and he was adequately apprised of the crime with which he was charged. See, *People* v *Walsh,* 27 Mich App 100 (1970).

We also take note that MCLA 767.76; MSA 28-.1016 provides, in pertinent part, as follows:

"No indictment shall be quashed, set aside or dismissed' or motion to quash be sustained or any motion for delay of sentence for. the purpose of review be granted, *nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court shall in its discretion permit.* The trial court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been impaneled and to a reasonable continuance of the cause *unless it shall clearly appear from the whole proceedings that he has not been mislead or prejudiced by the defect or variance in respect to which the amendment is made* or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury." (Emphasis added.)

This Court in *People v Reed,* 17 Mich App 696, 697, 698 (1969), disposed of defendant's claim (1) that the "information was defective on the grounds that it charged him with two crimes in the disjunctive ('or') and was therefore duplicitous", and (2) that "he was denied a fair trial on the ground that he was placed in a perilous position of not knowing the specific crime under which he was charged thereby preventing him from raising a proper defense" with the following observation:

"Defendant did not object to the form of the information until after the people had concluded

their proofs. Thus, he waived any alleged error and the trial court correctly denied the motion. MCLA § 767.76 (Stat Ann 1954 Rev § 28.1016).

"Also on appeal this Court will not reverse unless we are satisfied that there was error committed that deprived the defendant of substantial rights or resulted in a miscarriage of justice. MCLA § 769.26 (Stat Ann 1964 Rev § 28.1096), *People* v *Amos* (1968), 10 Mich App 533. We do not find such error here."

The defendant in the instant case must have been aware of the defect in the information long before the commencement of trial, but elected to refrain from raising an objection to such defect except for the request for a special jury instruction. Under such circumstances defendant will not be permitted to complain because the trial court denied defendant's request and corrected such defect by instructing that Michigan law requires the people to prove beyond a reasonable doubt that the check, which defendant allegedly uttered and published, was false, forged *or* counterfeit. See MCLA 767.76; MSA 28.1016. The information adequately informed defendant of the charge against him and therefore we find no reversible error.

Affirmed.

All concurred.