PEOPLE v LASLO

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—DISCHARGE—SUBSE-
   QUENT ARREST—REINSTATEMENT OF CHARGES—JEOPARDY.
   Discharge by an examining magistrate of a person accused of a
   crime is not a bar to his subsequent arrest, examination, and
   trial for the same offense because he has not been placed in
   jeopardy.

2. INDICTMENT AND INFORMATION—HABITUAL CRIMINAL ACT—SUPPLE-
   MENTAL INFORMATION—PRIOR CONVICTIONS.
   A prosecutor has discretion to file a supplemental information
   under the habitual criminal act after conviction, and is not
   limited to filing such supplemental information prior to convic-
   tion of a current charge, where he has knowledge of the
   previous conviction.

3. INDICTMENT AND INFORMATION—OBJECTIONS TO FORM—DELAY IN
   OBJECTING—WAIVER OF OBJECTION.
   Objections to the form of an information are deemed waived if
   not raised before the people have concluded their proofs.

4. INDICTMENT AND INFORMATION—WAIVER OF DEFECTS—PREJUDICE—
   MISCARRIAGE OF JUSTICE—LOCATION OF CRIME—DATE OF CRIME
   —IDENTIFICATION OF STOLEN PROPERTY.
   A defendant cannot claim prejudice resulted from alleged defects
   in an information for receiving and concealing stolen goods to
   which he failed to object until after the people rested; though it

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 177, 450.
[2, 3] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
    §§ 20, 21, 24.
  Form and sufficiency of allegations as to time, place, or court of
    prior offenses or convictions, under habitual criminal act or
    statute enhancing punishment for repeated offenses. 80 ALR2d
    1196.
[3, 4] 41 Am Jur 2d, Indictments and Informations § 301.
[4] 41 Am Jur 2d, Indictments and Informations §§ 122, 260–262, 274.
[5] 66 Am Jur 2d, Receiving and Transporting Stolen Property §§ 3, 4,
    9, 25, 26.
[6] 75 Am Jur 2d, Trial § 260.

listed the location from which the goods were stolen rather than the location where the stolen goods were received and concealed, preliminary examination testimony clearly established the location of the offense charged; the one day between discovery of the crime and the time it was reported was not significant since time is not of the essence of the offense and the prosecutor is therefore not bound by the date shown on the information; and it is not essential that every item of stolen property listed in the information be produced in court where the exhibits produced and identified by the owner were sufficient to sustain a conviction.

5. RECEIVING STOLEN GOODS—GUILTY KNOWLEDGE—INFERENCES—ATTEMPT TO FLEE—USE OF FICTITIOUS NAME.

A prosecution for the crime of receiving or concealing stolen property requires evidence of the prisoner's guilty knowledge at the time he received the property or aided in its concealment; guilty knowledge may be inferred from all the facts and circumstances brought out at trial, such as an attempt to flee from the arresting officer, or the suggested use of a fictitious name on a sales receipt for some of the stolen goods to obscure the chain of title and to conceal the goods from discovery and recovery by the rightful owner.

6. CRIMINAL LAW—PROSECUTORIAL COMMENTS—LEGITIMATE COMMENT —EVIDENCE—THEORY OF THE CASE.

Legitimate comments upon the evidence as it related to the prosecution's theory of the case are not improper.

Appeal from Hillsdale, Harvey W. Moes, J. Submitted June 7, 1977, at Lansing. (Docket No. 29578.) Decided September 8, 1977.

Joseph P. Laslo, III, was convicted of receiving or concealing stolen property over the value of $100 and also convicted, on his plea of guilty, of being a second-felony offender. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Lawrence L. Hayes, Jr.,* Prosecuting Attorney, and *Donald L. Sander-*

*son,* Assistant Prosecuting Attorney, for the people.

*Ronald C. Zellar,* for defendant on appeal.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

PER CURIAM. Defendant was convicted by a jury of receiving or concealing stolen property over the value of $100. MCLA 750.535; MSA 28.803. He appeals by right.

The examining magistrate twice dismissed charges against defendant, on November 25, 1975, and on December 18, 1975. The November 25 dismissal of a receiving or concealing charge was the result of the prosecution's inability to proceed because prosecution witnesses were unavailable, apparently because the prosecution had not prepared for the examination in the belief that a plea bargain had been reached. Defendant was rearrested and charged with breaking and entering an occupied dwelling, MCLA 750.110; MSA 28.305, but the charge was again dismissed by the examining magistrate, on December 18, 1975, when the people were unable to establish lack of consent to entry because the owner of the premises allegedly broken and entered failed to appear to testify. Finally, defendant was rearrested and, after preliminary examination on both charges held on December 30, 1975, bound over to circuit court on both counts. A motion to sever the counts and try them separately was granted, and defendant went to trial first on the receiving or concealing charge. The prosecutor entered a nolle prosequi on the breaking and entering charge after defendant was convicted of receiving or concealing stolen goods,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and he thereafter filed a supplemental habitual offender information. Defendant was convicted, on his plea of guilty, as a second felony offender and received an enhanced sentence of from 5 to 7-1/2 years imprisonment.

Defendant contends that the preliminary examination procedure in this case resulted in harassment and a denial of due process. Although he does not expressly request that we do so, he apparently seeks to have this Court discharge him of his conviction on the ground that he was subjected to fundamentally unfair procedures. In response to defendant's argument, we note that this case, unlike *Jones v Oklahoma*, 481 P2d 169, 171 (Okla, 1971), does not involve "shopping" among magistrates,[1] nor did the prosecutor fail to adduce additional evidence at the preliminary examination at which defendant was ultimately ordered bound over to circuit court. Although we do not approve the procedure followed by the prosecutor in this case, we view it as a product of ineptness rather than as an attempt to harass defendant.[2] Therefore we see no reason in this case to depart from the well-established Michigan rule:

"The discharge by an examining magistrate upon examination of a person accused of a crime is not a bar to his subsequent arrest, examination, and trial for the same offense because he has not been placed in jeopardy." *People v Miklovich*, 375 Mich 536, 539; 134 NW2d 720 (1965).

Accord, *People v Riley*, 72 Mich App 299, 301–302; 249 NW2d 397 (1976).

[1] The Honorable James D. Hayne presided at each of defendant's preliminary examinations.

[2] We note also that defendant received credit toward his sentence for all time served in jail after his first arrest, and that counsel was appointed to defend him at public expense at each examination, so that no actual prejudice inured to defendant.

Defendant next contends that it was error to permit the prosecutor to file a supplemental habitual offender information after defendant was convicted of receiving or concealing stolen goods over $100 because the people were aware of defendant's first felony conviction from the outset of these proceedings. This precise contention has been rejected previously by this Court for reasons which we hereby adopt. *People v Hendrick,* 52 Mich App 201, 209–210; 217 NW2d 112 (1974), *People v Marshall,* 41 Mich App 66, 72–73; 199 NW2d 521 (1972).

Defendant's objections to the form of the information are equally meritless. They were first raised only after the people had rested, and therefore are deemed waived. *People v Owens,* 37 Mich App 633, 637–638; 195 NW2d 36 (1972), *People v Reed,* 17 Mich App 696, 697–699; 170 NW2d 303 (1969), see MCLA 767.76; MSA 28.1016. Although the location shown in the information referred to the house from which the goods were stolen, whereas the location of the receiving and concealing offense was the Blackbridge Road address where defendant was arrested, defendant cannot claim prejudice owing to this deficiency. The preliminary examination testimony clearly established that defendant's residence was the location for purposes of Count II. Similarly, the date of the offense shown on the information, "on or about" November 5, 1975, was sufficient. That the crime was discovered on November 5 but not reported until November 6 is of no real significance, since time was not of the essence of the offense, and therefore the *videlicet* does not bind the prosecutor to the date shown on the information, at least in the absence of any showing of prejudice to the defense. *People v Fitzsimmons,* 320 Mich 116, 125;

30 NW2d 801 (1948), MCLA 767.45; MSA 28.985, MCLA 767.51; MSA 28.991. Finally, it is not essential that the prosecution produce in court every item of stolen property listed in the information; the exhibits produced and identified by the owner as having been stolen from his house were sufficient to sustain the conviction. For the foregoing reasons, we conclude that no manifest injustice resulted from the alleged defects in the information, and therefore we deem them waived. *People v Owens, supra, People v Reed, supra.*

Defendant's contention that insufficient evidence was presented by the prosecution to establish the element of guilty knowledge that the property he received or concealed had been stolen is without merit. Wayne Baumea testified that he went to defendant's home and bargained for some of the stolen goods in defendant's presence. When he agreed to buy some of the items for $200, knowing they were probably stolen, he demanded a receipt, and it was defendant who suggested that his confederate use the name of an apparently fictitious person on the receipt. The jury could reasonably infer from defendant's recognition of the need to obscure the chain of title to the goods that he knew the goods were stolen, and that he suggested the false name to aid in concealment of the goods from discovery and recovery by their rightful owner, knowing the same to have been stolen. That is all the statute requires:

"There is no question under our decisions that there must be evidence of the prisoner's guilty knowledge at the time he received the property, *or aided in its concealment." People v Tantenella,* 212 Mich 614, 619; 180 NW 474 (1920). (Emphasis added.)

Accord, *People v Harris,* 93 Mich 617, 618; 53 NW

780 (1892), *People v Kyllonen,* 66 Mich App 467, 471–472; 239 NW2d 410 (1976). Guilty knowledge may be inferred from all the facts and circumstances brought out at trial, *People v Staples,* 68 Mich App 220, 223; 242 NW2d 74 (1976), *People v Blackwell,* 61 Mich App 236; 232 NW2d 368 (1975). In this case the circumstances included defendant's attempt to flee from the arresting officer, another indication of guilty knowledge. *People v Brewer,* 60 Mich App 517, 521; 231 NW2d 375 (1975). The evidence of guilty knowledge adduced by the prosecution was sufficient to sustain the verdict.

Finally, we find defendant's claim of prejudicial prosecutorial comment unsupported by the record. The comments by the prosecutor, to which defendant objects for the first time on appeal, were no more than legitimate comment upon the evidence as it related to the prosecution's theory of the case, and as such they were not improper. *People v Humphreys,* 24 Mich App 411, 414; 180 NW2d 328 (1970).

Affirmed.