PEOPLE v MAST

Docket No. 60255. Submitted November 4, 1982, at Grand Rapids.—
Decided June 22, 1983.

Warren Mast was convicted of welfare fraud of an amount in
excess of $500 following a jury trial in Eaton Circuit Court,
Hudson E. Deming, J. At trial, after the jury was sworn,
defendant moved to quash the information on the basis that, in
charging him with failure to tell the county department of
social services about "changes in his circumstances which
would decrease the need for relief", the information was consti-
tutionally infirm in that it failed to sufficiently apprise the
defendant of the charge against him. The motion was denied.
Defendant appeals. *Held:*

1. While the motion to quash was not timely made, appellate
review is proper if the failure to review the denial of the
motion would result in manifest injustice.

2. The language of the information, while in the language of
the statute, was not sufficient to apprise the defendant of the
nature of the charges against him. Reversal is mandated, since
the language of the information failed to inform the defendant
of the factual basis for the charge and thereby resulted in a
denial of the defendant's constitutional right to be informed of
the charges against him.

3. The record fails to support defendant's claim that he was
unfairly prejudiced by reason of the fact that the trial court
had him stand before the jury so that the court could deter-
mine whether any juror knew the defendant or by reason of
the reading of the information to the jury twice.

Reversed.

MacKenzie, P.J., dissented. She would hold that manifest
injustice has not been shown in that defendant indicated that
he understood the substance of the charge, waived arraignment
on the information, moved for neither an amended information

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[2-5] 21 Am Jur 2d, Criminal Law §§ 439, 441.
    41 Am Jur 2d, Indictments and Informations § 69.

nor a bill of particulars and made no claim of being surprised or misled as to the factual basis of the charge. She would hold that, in the absence of a showing of manifest injustice, appellate review is precluded by reason of the failure of defendant to bring the motion to quash in a timely fashion.

Opinion of the Court

1. Indictment and Information — Motion To Quash — Preserving Question — Appeal.

A motion to quash an information is not timely when raised after the jury is sworn; the Court of Apepals will reverse the denial of a motion to quash which was not timely made only to correct manifest injustice (MCL 767.76; MSA 28.1016).

2. Indictment and Information — Constitutional Law — Sufficiency of Criminal Informations.

A criminal defendant has the constitutional right to be informed of the nature and cause of the accusation against him; an information must sufficiently identify the nature of the offense so that conviction or acquittal of the charge would bar a subsequent charge for the same offense and must sufficiently notify the defendant of the nature and the character of the crime with which he is charged so as to enable him to prepare his defense (US Const, Am VI; Const 1963, art 1, § 20).

3. Indictment and Information — Sufficiency of Criminal Informations.

Informations using the language of the statute generally are considered sufficient to apprise a criminal defendant of the charges being brought against him; however, where the language of the statute is general in nature such that the statutory language does not define the crime or set out its elements or where the language of the statute merely sets forth a legal conclusion, the information must set forth the charge with sufficient specificity to apprise the defendant of the nature of the criminal act being charged.

4. Indictment and Information — Welfare Fraud — Sufficiency of Criminal Informations.

An information charging that a defendant failed to report to the department of social services "changes in his circumstances which would decrease the need for relief", while using the language of the welfare fraud statute, is constitutionally insufficient to apprise defendant of the nature of the charges against him (MCL 400.60[2]; MSA 16.460[2]).

DISSENT BY MACKENZIE, P.J.

5. INDICTMENT AND INFORMATION — SUFFICIENCY OF CRIMINAL INFOR-
   MATIONS — MOTION TO QUASH — PRESERVING QUESTION.

   *A motion to quash is not timely brought where it is made at trial
   after the jury has been sworn; the denial by a trial court of an
   untimely motion to quash does not result in manifest injustice
   where the defendant waived arraignment on the information,
   indicated that he understood the charges, made no motion for
   an amended information or a bill of particulars, never claimed
   that he was surprised or misled as to the factual basis of the
   charge against him and never moved for a continuance (MCL
   767.76; MSA 28.1016).*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Paul F. Berger,* Prose-
cuting Attorney, and *C. Sherman Mowbray,* Assis-
tant Prosecuting Attorney, for the people.

*Stiles, Fowler & Tuttle* (by *Charles R. Stiles),* for
defendant.

Before: MACKENZIE, P.J., and R. M. MAHER and
C. W. SIMON, JR.,* JJ.

PER CURIAM. Defendant was convicted of "wel-
fare fraud", MCL 400.60(2); MSA 16.460(2), after a
jury trial. Sentenced to five years probation, he
appeals by right.

Defendant contends that the trial court erred in
denying his motion to quash the information. The
motion, raised after the jury was sworn, was not
timely. MCL 767.76; MSA 28.1016. We may re-
verse, therefore, only to correct a manifest injus-
tice. *People v Collins,* 380 Mich 131; 156 NW2d
566 (1968); *People v Laslo,* 78 Mich App 257; 259
NW2d 448 (1977); *People v Reed,* 17 Mich App 696;
170 NW2d 303 (1969), *lv den* 383 Mich 769 (1970).

Defendant argues that the information should

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

have been quashed because it did not apprise him
sufficiently of the charges against him. The infor-
mation charged that the defendant

"did, being a person imposed with a continuing obliga-
tion to supply to the Eaton County Department of
Social Services information concerning changes in his
circumstances which would decrease the need for relief
while receiving relief on his own application under PA
No 280 of 1939, as amended, neglect or refuse to submit
to said department such aforementioned information,
the amount of relief granted as a result of such neglect
or refusal being $500.00 or more; Contrary to Sec.
400.60(2), C.L. 1970, as amended; MSA 16.460(2)."

An accused shall not be called upon to defend
himself against a charge of which he was not
sufficiently apprised. The Michigan Constitution
provides: "In every criminal prosecution, the ac-
cused shall have the right * * * to be informed of
the nature of the accusation * * *." Const 1963,
art 1, § 20. In addition, the "Sixth and Fourteenth
Amendments give a defendant the right to know
the nature and cause of the accusation against
him". *People v Ora Jones,* 395 Mich 379, 388; 236
NW2d 461 (1973). The principle is grounded in a
defendant's constitutional right of due process of
law. *People v Brown,* 299 Mich 1, 4; 299 NW 784
(1941).

The test for the sufficiency of an information has
been stated as follows:

"Does it identify the charge against the defendant so
that his conviction or acquittal will bar a subsequent
charge for the same offense; does it notify him of the
nature and character of the crime with which he is
charged so as to enable him to prepare his defense and
to permit the court to pronounce judgment according to
the right of the case?" *People v Weiss,* 252 App Div 463,

468; 300 NYS 249, 255 (1937), *rev'd on other grounds* 276 NY 384; 12 NE2d 514 (1938), applied in *People v Adams,* 389 Mich 222, 242-244; 205 NW2d 415 (1973).

The information in the present case charged the defendant largely in the language of the statute. Usually, this is sufficient. *People v Glazier,* 159 Mich 528, 537; 124 NW 582 (1910). The rule, however, is not without exception. As the Supreme Court stated in *People v Maki,* 245 Mich 455, 473; 223 NW 70 (1929):

"Both in the State and elsewhere it is the rule that where a statute uses general or generic terms in describing an offense, does not sufficiently define the crime or set out all its essential elements, or where a charge in the language of the statute charges a mere legal conclusion, an information which alleges the crime in the words of the statute is not sufficient, but a more particular statement of facts is necessary."

The provision of the welfare fraud statute under which defendant was charged describes the offense in general terms. The case law indicates that a general term in a statute is one that does not disclose the particular acts proscribed. In *People v Maki, supra,* the defendant, charged with involuntary manslaughter, was convicted of the lesser included offense, negligent homicide. The Court concluded that:

"Negligence is a general word. * * * It has not such concrete significance in the language that it charges, to general understanding, a definite act or omission. * * * [I]t requires statement of particular facts to disclose its elements in a given case, and the specific acts of negligence should be stated in an information." *People v Maki, supra,* p 473.

In *People v Westerberg,* 274 Mich 647; 265 NW

489 (1936), the defendant was charged with break-
ing and entering with intent to commit a "felony".
The Court concluded that the statutory term "fel-
ony" was a general word and that the information
must charge the particular felony the defendant
intended to commit. In contrast, the Court has
held that the statutory term "prize-fighting" was
not so general as to require specification of the
particular acts involved because "it is a term of
common use, and the very employment of the
word indicates what is meant". *People v Taylor,* 96
Mich 576, 578; 56 NW 27 (1893).

The information charged that defendant failed
to tell the county department of social services
about "changes in his circumstances which would
decrease the need for relief". Many changes in a
welfare recipient's life may decrease his need for
relief, just as many acts may be "negligent" or
"felonious". The statutory language is, therefore,
general. Used in an information, it does not itself
tell the accused what particular change in his
circumstances caused the prosecution. Rather, it
leaves the defendant to search his life for the
specific change that lay behind the charge. The
danger inherent in such a situation is apparent,
for a defendant who guesses wrong would find
himself unprepared in his defense. In *People v
Brown, supra,* the defendant was in a similar
position. Brown was charged wth selling alcoholic
beverages while not in compliance with this state's
statute regulating the sale of intoxicating liquors.
The information, however, failed to indicate the
provisions with which he had failed to comply. The
Supreme Court, quashing the information, con-
cluded:

"In the instant prosecution [the defendant] is in no
way informed as to the manner or particular in which

the people claim he failed to comply fully with the provisions of the cited act. Not only is such specification essential to defendant's preparation for trial, but it also affords him protection of record from being placed twice in jeopardy for the same offense." *People v Brown, supra,* p 4.

Similarly, the defendant here needed to be informed of the particular change or changes in his circumstances that the prosecution would attempt to prove. Moreover, it is irrelevant that the defendant may have known the change in his circumstances the prosecutor had in mind:

"It will not do to say, as possibly might be said in the instant case, that the accused clearly knew what offense he was charged with having committed. He is entitled to be proceeded against under an information which with a fair degree of certainty specifies the particular charge made against him and which fixes the scope of the prosecution." *Id.*

We conclude that the information did not sufficiently apprise defendant of the charges against him, depriving him of due process of law. To convict a defendant who has been deprived of such a fundamental right is a manifest injustice. The defendant is entitled to have the information quashed and his conviction reversed.

Defendant's remaining claims of error are without merit. The trial judge did not unfairly prejudice defendant by standing him up before the jury. The judge asked defendant to stand so that he could determine whether any juror knew him. Nor did the trial judge unfairly prejudice defendant by reading the information to the jury twice. The judge made it clear that the charge was no evidence of guilt.

Reversed.

MacKenzie, P.J. *(dissenting).* I respectfully dissent. Defendant waived a preliminary examination, at which the facts underlying the charge would necessarily have been disclosed. Defendant also waived arraignment in circuit court on the information, and the circuit court file contains a document signed by both defendant and his counsel which includes the following representation:

"The undersigned defendant and attorney hereby acknowledge that defendant has received a copy of the information, has read or had it read or explained to the defendant, *understands the substance of the charge,* and waives Circuit Court Arraignment in open court." (Emphasis added.)

The pretrial statement in the circuit court file contains the following statement:

"Prosecutor will list hereon, the following which he proposes to offer at trial:
"a. All physical exhibits (available for inspection by defense counsel upon written request) Redetermination of Eligibility form; Payroll checks; State of Michigan Treasurer's warrant; Document Examiner Report; and Village of Sunfield Employment/Payroll Records".

Even if defendant and his counsel did not bother to actually examine the proposed exhibits, the list clearly indicates that the changed circumstances to which the information refers involve defendant's employment with the Village of Sunfield.

At the pretrial conference, counsel for defendant acknowledged the trial court's statement that there were no motions to be resolved before trial. Defendant's motion to quash the information was made at trial, after the jury was sworn, and was therefore untimely. MCL 767.76; MSA 28.1016; *People v Schultz,* 85 Mich 114, 116-117; 48 NW 293

(1891); *People v Hawkins,* 106 Mich 479, 486; 64 NW 736 (1895). No written motion to quash was ever filed, and, when defendant's oral motion was made, the prosecutor complained that he had received no notice. Defendant never requested that the information be amended, never moved for a bill of particulars or for a more definite statement of the charge, never claimed that he was in any way surprised or misled as to the factual basis of the charge, and never moved for the continuance which MCL 767.76; MSA 28.1016 would allow if he was in fact misled.

The foregoing shows that defendant knew the factual basis of the charge against him and that defendant led the trial court and the prosecutor to believe before trial that there was no problem with the information. The record suggests that the delay in making the motion to quash the information was a deliberate dilatory tactic.

The majority relies on *People v Brown,* 299 Mich 1, 4; 299 NW 784 (1941), for the proposition that defendant's actual knowledge of the factual basis of the charge against him is irrelevant to whether the information sufficiently identifies the charge against him to afford him due process. However, in *Brown,* defendant made a timely motion to quash the information. 299 Mich 2.

In *Serra v Mortiga,* 204 US 470; 27 S Ct 343; 51 L Ed 571 (1907), the complaint on which the criminal conviction was based omitted an essential element of the crime. The Supreme Court nevertheless held that defendant had not been denied due process, even though the lower court refused to consider the sufficiency of the complaint, because defendant made no timely objection. *Serra* shows that defendant was not denied due process under the circumstances presented here. The ma-

jority states that, because defendant made no timely objection to the information, we may reverse only to correct a manifest injustice. On this record, I discern no manifest injustice.

In *Brown, supra,* p 4, the Court stated that a correct information is essential to protect defendant from being placed twice in jeopardy for the same offense. Even assuming, however, that a claim of double jeopardy must be resolved on the information rather than on the entire record, the appropriate remedy here would be to remand the case for amendment of the information. See *People v Kyllonen,* 402 Mich 135, 149, fn 15; 262 NW2d 2 (1978), and *People v Cherry,* 27 Mich App 672; 183 NW2d 857 (1970).

I would affirm.