UNITED STATES of America

v.

H. Leonard BERG, Grimm DePanicis, Leon Lisbona, Solomon Schwartz, and HLB Security Electronics, Ltd., Defendants.

No. 84 CR 190(S–2).

United States District Court, E.D. New York.

April 21, 1987.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Brooklyn, N.Y. by David V. Kirby, Larry H. Krantz, for U.S.

J. Jeffrey Weisenfeld, New York City, for defendants Berg and HLB Sec.

James T. Moriarty, New York City, for defendant DePanicis.

Paul A. Goldberger, New York City, for defendant Lisbona.

Lawrence A. Dubin, New York City, for defendant Schwartz.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Following this Court's Memorandum and Order dated September 12, 1986, 643 F.Supp. 1472, defendants moved for reconsideration of this Court's decision regarding the authorization and related defenses.

In its decision the Court specifically did not decide such issues as whether the DIA employees in question here were charged with the interpretation, administration or enforcement responsibilities in the relevant legal field because the key fact in this case was that such employees or officials were never given advance notice of the defendants' proposed criminal acts.

In the course of the submissions on the motion for rehearing the defendant Schwartz submitted a new affidavit sworn to in February of 1987, in an effort to suggest that the DIA officials were aware of the fact that he proposed to transport

some unspecified cargo outside of the country without full knowledge of the Customs officials of the nature thereof. In the course of one of the several arguments on the motion for reconsideration the Court expressed its view that this affidavit did not cure the deficiency outlined in its original decision.

In its memorandum of law submitted in opposition to the introduction of any evidence at trial concerning the defendants' claim of authorization the Government called the Court's attention to the very recent case of *United States v. Rosenthal*, 793 F.2d 1214, 1235–37 (11th Cir.1986), arguing that regardless of what the defendants may have said to and been told by the DIA officials and said to each other, because such officials had no real or actual authority to authorize the violations involved in the case at bar the defendants' theory that they were acting on apparent authority of such officials directly or indirectly is not a viable defense.

In *Rosenthal* the defendants claimed that they were told by a person whom they believed to be a CIA agent "that their drug smuggling activities were part of an intelligence operation undertaken in pursuit of national security objectives." 793 F.2d at 1235.

In dismissing this claim the Court of Appeals for the Eleventh Circuit relied on the Second Circuit's decision in *United States v. Duggan*, 743 F.2d 59 (2d Cir. 1984), specifically pointing out that that Court too had rejected any and all "reliance on an authority that is only apparent and not real." 743 F.2d at 84.

In pertinent part the Eleventh Circuit Court of Appeals said as follows:

It is well settled that ignorance of the law or mistake as to the law's requirements is not a defense to criminal conduct. *United States v. International Minerals and Chemicals Corp.*, 402 U.S. 558, 563, 91 S.Ct. 1697, 1700, 29 L.Ed.2d 178 (1971). The few limited exceptions to the mistake of law rule are set out in *United States v. Duggan*, 743 F.2d 59 (2nd Cir.1984), as follows:

"There is an exception for legitimate reliance on an official interpretation of law. *See, e.g., Cox v. Louisiana*, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965); *United States v. Mancuso*, 139 F.2d 90 (3d Cir.1943). There is also an exception for responding to a police officer's call for assistance in making unlawful arrests or searches. *See People v. Weiss*, 276 N.Y. 384, 12 N.E.2d 514 (1938)."

743 F.2d at 83.

These exceptions have no application to the facts at hand. Rosenthal and Bonadonna base their C.I.A. defense on the "reliance of apparent authority" exception set forth in Judge Wilkey's opinion in *United States v. Barker*, 546 F.2d 940 (D.C.Cir.1976). We are urged, as was the court in *Duggan* to adopt Judge Wilkey's reasoning. The *Duggan* court analyzed the *Barker* decision as follows:

"*Barker* involved defendants who had been recruited to participate in an allegedly top-secret national security operation aimed at foreign agents leaking intelligence information and led by E. Howard Hunt, whom defendants knew first hand to be a long-time CIA agent then employed in the White House. Defendants' convictions were reversed, and the case was remanded for a new trial, by a 2–1 vote, with Judges Merhige and Wilkey in the majority. Those two judges agreed that the defendants might have a valid defense based on an exception to the mistake of law rule, but they disagreed on the parameters of the exception. "Judge Merhige recognized only the traditional exception to the mistake of law doctrine for reasonable reliance on a conclusion or statement of law issued by an official charged with interpretation, administration, or enforcement in the relevant legal field. 546 F.2d at 955 (opinion of Merhige, J.). Judge Wilkey's opinion proposed instead to recognize a defense based on reliance on apparent authority, requiring a showing of 'both (1) facts justifying [the defendants'] reasonable authority and (2) a legal theory on which to base

a reasonable belief that Hunt possessed such authority.' 546 F.2d at 949 (opinion of Wilkey, J.) (emphasis in original)."

743 F.2d at 83–84.

The *Duggan* court specifically rejected Judge Wilkey's apparent authority exception stating:

"We decline to adopt Judge Wilkey's view that a defendant may be exonerated on the basis of his reliance on an authority that is only apparent and not real."

743 F.2d at 84.

In *United States v. Kelly*, 556 F.2d 257 (5th Cir.1977), the Fifth Circuit declined to express an opinion on the divergent views offered in *Barker*. Here, however, we are forced to take a position that we think the better view is in accordance with the *Duggan* Court's position that a defendant may only be exonerated on the basis of his reliance on real and not merely apparent authority.

Officials of the C.I.A. or any other intelligence agency of the United States do not have the authority to authorize conduct which would violate "the constitution or statutes of the United States", including federal narcotics laws. Exec. Order No. 12333, 3 C.F.R. 200 (1982). Because the C.I.A. had no real authority to authorize the drug violations involved here, Rosenthal and Bonadonna's theory that they were acting on apparent authority of a C.I.A. agent is not a viable defense.

793 F.2d at 1235–36.

The language of the last paragraph above is particularly important because it specifically states that officials of any intelligence agency of the United States do not have the authority to authorize conduct which would violate any statutes of the United States and because they have no such authority no one may claim that they were acting on "apparent authority" of any such agent.

 In particular, insofar as the case at bar is concerned, the defendant Schwartz may not testify in the forthcoming trial that he received or relied on any actual or implied authorization from anyone in any intelligence agency of the United States to commit the criminal acts which he is alleged to have committed and, *a fortiori*, his co-defendants may not make any such claim of reliance upon the defendant Schwartz's alleged apparent authority and claimed statements made by him to them authorizing them to violate any law of the United States.

In short, defendants' motion for reconsideration must be and the same hereby is denied in all respects.

SO ORDERED.